KOKE CO. OF AMERICA et al. v. COCA-COLA CO. *

(Circuit Court of Appeals, Ninth Circuit. February 24, 1919.)

No. 3012.

TRADE-MARKS AND TRADE-NAMES ⊂⊃85(1)—RIGHT TO PROTECTION—MISREPRE-
SENTATIONS BY COMPLAINANT.

The Coca-Cola Company *held* chargeable with such deceptive, false, fraudulent, and unconscionable conduct in the advertising and sale of its product as precludes a court of equity from granting it any relief in the protection of its trade-mark or business.

Appeal from the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

Suit in equity by the Coca-Cola Company against The Koke Company of America, The Southern Koke Company, Limited, The Koke Company of Texas, The Koke Company of Oklahoma, and The Koke Company of Arkansas. Decree for complainant, and defendants appeal. Reversed.

For opinion below, see 235 Fed. 408.

Richard E. Sloan, of Phœnix, Ariz., and Austin B. Littleton, of Chattanooga, Tenn. (Littleton, Littleton & Littleton, of Chattanooga, Tenn., of counsel), for appellants.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari granted 249 U. S. —, 39 Sup. Ct. 493, 63 L. Ed. —.

William K. White, of San Francisco, Cal., Harold Hirsch, of Atlanta, Ga., Joseph E. Morrison, of Phœnix, Ariz., and Edward S. Rogers and Frank F. Reed, both of Chicago., Ill., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. Our conclusion in this case, after a careful examination of it, may be very briefly stated. The suit was brought to obtain an injunction, preliminary and perpetual, an accounting for profits, and for the recovery of damages against the defendants thereto, upon the ground of their alleged joint and several infringement of the complainant's trade-mark "Coca-Cola," and for unfair competition on the part of the defendants. After long preceding use of it, the trade-mark was registered in the United States Patent Office on January 3, 1893, under the act of Congress of March 3, 1881, and was also registered under the subsequent act of Congress of February 20, 1905, entitled "An act to authorize the registration of trade-marks used in commerce with foreign nations, among the several states of the United States, and with the Indian tribes, and to protect the same." A very large amount of testimony was taken in the case, from which the court below found as a fact that the preparation manufactured and sold by the defendants to the suit was in imitation of that of the complainant, and that the name under which it was so manufactured and sold—"Koke"—was selected for the purpose of reaping the benefit of the reputation and advertising of the complainant, and because it would permit the defendants to better dispose of their product as and for Coca-Cola, especially in view of the fact that the label of the complainant was copied and imitated, and the barrels in which defendants' products were shipped were colored as nearly like those of complainant as possible.

Upon the record we would not be justified in holding that the trial court reached the wrong conclusion in that respect, and if that were the only point in the case would readily affirm the interlocutory decree appealed from. But it is the well-established law, as held by the Supreme Court in the case of Worden v. California Fig Syrup Co., 187 U. S. 516, 528, 23 Sup. Ct. 161, 164 (47 L. Ed. 282) that "when the owner of a trade-mark applies for an injunction to restrain the defendant from injuring his property by making false representations to the public, it is essential that the plaintiff should not in his trade-mark or in his advertisements and business, be himself guilty of any false or misleading representations; that if the plaintiff makes any material false statement in connection with the property which he seeks to protect, he loses his right to claim the assistance of a court of equity; that where any symbol or label claimed as a trade-mark is so constructed or worded as to make or contain a distinct assertion which is false, no property can be claimed on it, or, in other words, the right to the exclusive use of it cannot be maintained."

Many cases will be found referred to by the court in its opinion in that case in support of it, and by reference to 38 Cyc. 700, 704, 797, there will be found many others to the same effect. The evidence, we think, leaves no room for doubt that the appellee's very extensive

business conducted under the name "Coca-Cola" is not entitled to protection at the hands of a court of equity: First, because it shows that in the beginning, and for many years thereafter, the coca of which its compound was in large part made contained the deadly drug cocaine, and the caffeine, which constituted the other main ingredient, was derived mainly, and, indeed, almost exclusively, not from cola nuts, but from tea leaves. Yet the labels with which the preparation was adorned contained pictures of coca leaves and cola nuts, and was widely advertised and sold, first, under the name of "Coca-Cola Syrup & Extract," next as "Coca-Cola Syrup," and finally as "Coca-Cola," as a "valuable brain tonic," an "ideal nerve tonic and stimulant," as a cure of "headache, neuralgia, hysteria, and melancholy," and "of nervous afflictions," under which representations a tremendous consumption was built up, and under which large numbers of the appellee's customers still consume the mixture, although long prior to the bringing of the present suit the drug cocaine was practically eliminated from the drink, and the caffeine, of which it has since been mainly composed, still comes mainly, if not entirely, from other sources than the cola nut. We find such conduct on the part of the appellee to be, in fact, such deceptive, false, fraudulent, and unconscionable conduct as precludes a court of equity from affording it any relief.

Accordingly, under the rule and the decisions of the Supreme Court in the cases of Worden v. California Fig Syrup Co., 187 U. S. 516, 23 Sup. Ct. 161, 47 L. Ed. 282, and United States v. Coca-Cola Co., 241 U. S. 265, 36 Sup. Ct. 573, 60 L. Ed. 995, Ann. Cas. 1917C, 487 (decided subsequent to all the cases upon which the judgment of the court was based), we see no escape from the conclusion that the judgment appealed from must be reversed, and the cause remanded, with directions to the court below to dismiss the bill, at the complainant's cost.

Accordingly it is so ordered.