### COCA–COLA CO v. OLD DOMINION BEVERAGE CORPORATION.*

(Circuit Court of Appeals, Fourth Circuit. March 3, 1921.)

No. 1729.

1. **Trade-marks and trade-names ⬷⟿45—Descriptiveness immaterial, when registered under 10-year proviso.**
   It is immaterial that a trade-mark registered under the 10-year proviso of the federal Trade-Mark Law (Comp. St. § 9490) may once have been descriptive or may still be to some degree.

2. **Trade-marks and trade-names ⬷⟿41—When registered trade-mark and infringement used in interstate commerce, protection of federal act may be invoked.**
   Where the owner of a registered trade-mark and an infringer both used their marks in interstate as well as intrastate commerce, the trade-mark owner may invoke the federal statutes, no matter how narrow the construction of the protection that they can constitutionally give.

3. **Courts ⬷⟿292—Common-law rights in trade-mark enforceable in federal court, when diverse citizenship and sufficient amount in controversy exists.**
   Where the parties to a suit for infringement of a trade-mark and unfair competition are corporations of different states and the amount in controversy exceeds $3,000, a United States court may enforce plaintiff's common-law rights in its trade-mark and against unfair competition.

4. **Trade-marks and trade-names ⬷⟿79—Injunction being appropriate relief justifies suing in equity.**
   In a suit for infringement of a trade-mark and unfair competition, an injunction is an appropriate part of the relief sought, and hence the complaint is properly brought on the equity side of the court.

5. **Trade-marks and trade-names ⬷⟿53—Cannot be used by one manufacturing beverage similar to owner's beverage though unpatented.**
   Though any one, if he can, may manufacture a beverage similar to an unpatented beverage sold under a trade-name, and claim that it is not

⬷⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 254 U. S. —, 41 Sup. Ct. 624, 65 L. Ed. —.

only as good as that sold under the trade-name but in fact is the same thing, he cannot, in so doing, use the trade-mark to the damage of its owner.

**6. Trade-marks and trade-names ☞59(5)—Defendant held to have infringed plaintiff's trade-mark and been guilty of unfair competition in sale of beverage under similar name.**

Where plaintiff's beverage had been on sale under its trade-name, "Coca-Cola," registered as a trade-mark, long before defendant began business, and its business had grown to great proportions, defendant, by adopting the name "Taka-Kola," uniting the words by a hyphen and displaying them in script, as did plaintiff, and using a color scheme on the crown corks of its bottles making them indistinguishable at a distance of a few feet, was guilty of unfair competition and infringement of plaintiff's trade-mark, especially where the similarity of names had suggested to unscrupulous retailers the mixing of the two products and the sale of the mixed product as Coca-Cola.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond; Henry Clay McDowell, Judge.

Suit by the Coca-Cola Company against the Old Dominion Beverage Corporation. From a decree dismissing the bill of complaint, plaintiff appeals. Reversed and remanded.

Edward S. Rogers, of Chicago, Ill., and Harold Hirsch, of Atlanta, Ga. (C. V. Meredith, of Richmond, Va., Candler, Thomson & Hirsch, of Atlanta, Ga., and Frank F. Reed, of Chicago, Ill., on the brief), for appellant.

Robert E. Scott and L. O. Wendenburg, both of Richmond, Va. (T. Gray Haddon, of Richmond, Va., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. [1] Plaintiff's trade-mark "Coca-Cola" is duly registered under the ten-year proviso of the federal trade-mark law (Comp. St. § 9490). It is therefore immaterial that it may once have been descriptive or that to a degree it may be so still. Thaddeus Davis Co. v. Davids, 233 U. S. 468, 34 Sup. Ct. 648, 58 L. Ed. 1046, Ann. Cas. 1915B, 322. The Supreme Court has very recently overruled the contention that, because of what is said to have been or to be its deceptive character, plaintiff may not be heard to complain of its infringement. Coca-Cola Co. v. Koke Co., 254 U. S. 143, 41 Sup. Ct. 113, 65 L. Ed. ——, decided December 6, 1920.

The bill in this case charges that defendant has infringed it by the sale of its wares under the trade-mark "Taka-Kola," and has also unfairly competed by the use of such words and by the design and ornamentation of its bottles. In dismissing the cause without opinion the learned District Judge of the Western District of Virginia sitting by special assignment may have been influenced by the decision of the Circuit Court of Appeals for the Ninth Circuit in Koke Co. v. Coca-Cola Co., 255 Fed. 894, 167 C. C. A. 214, since reversed by the Supreme Court in the case heretofore cited.

[2] Plaintiff, from a time long anterior to the use of the words "Taka-Kola" by anybody, had actively and continuously marketed its

wares in the very localities in which defendant has offered its drink for sale. Both plaintiff and defendant use their respective marks in interstate as well as in intrastate commerce, so that the former may invoke the federal acts, no matter how narrow may be the construction of the protection they can constitutionally give. Louis Bergdoll Brewing Co. v. Bergdoll Brewing Co. (D. C.) 218 Fed. 131.

[3, 4] The parties are corporations of different states, and the value of the thing in controversy exceeds $3,000, so that the courts of the United States may enforce the common-law rights of the plaintiff, as well in its trade-mark as against unfair competition. An injunction is an appropriate part of the relief for which it asks, so that it has properly preferred its complaint to the equity side of the court. The beverages upon which the marks are used are not only of the same general character, but are in fact so similar in taste, color, and appearance that it is doubtful whether the ordinary purchaser can tell one from the other when they come to him unmarked and otherwise unidentified.

When defendant began business, the plaintiff's drink had been on sale in most parts of the country, and certainly in Virginia, for a quarter of a century or more. Its business had grown to great proportions, a result due in large, if not in largest, part to the extensive and expensive advertising it has always done, the cost of which in recent years has averaged a million or more annually. Defendant was promoted by some persons who came here from Tennessee, where they or some of them had been connected with a concern which, in the Patent Office, had had a losing fight with the plaintiff over the right to use the words "Tenn-Cola." Coca-Cola Co. v. Tenn-Cola Co. (Patent Office opposition No. 1894).

Perhaps the geographical proximity of Tennessee to Atlanta, in which plaintiff's business began, and in which it became so visibly and attractively lucrative, explains why this is not the first instance in which plaintiff has thought itself compelled to complain of infringement and of unfair competition originating in that state. Coca-Cola Co. v. Nashville Syrup Co. (D. C.) 200 Fed. 157, affirmed in 215 Fed. 527, 132 C. C. A. 39, and of which Coca-Cola Co. v. Duberstein (D. C.) 249 Fed. 763, appears to have been an aftermath; Coca-Cola Co. v. Gay Ola Co., 200 Fed. 920, 119 C. C. A. 164; Coca-Cola Co. v. Tenn-Cola Co., supra.

In the instant case the defendant's mark "Taka-Kola" consists, as does "Coca-Cola," of two words, each of four letters and of two syllables. In each phrase a consonant and a vowel alternate, there being in each four of the one and four of the other. In plaintiffs' a and o each appear twice. Defendant's has three a's and one o. The consonant l is common to both, and in each is the seventh letter from the beginning. Plaintiff's contains three c's, having in every instance the hard or k sound. Twice defendant replaces the c with a k, and once by a t, the use of which last must be relied upon to distinguish the two words, for in every other respect they are for all practical purposes identical. The two words of plaintiff's are united by a hyphen; so are those of the defendant. The plaintiff displays its in script. The

defendant has followed suit. The color scheme of the crown corks with which each seals its bottles is so nearly the same that, when they are lying on their sides with the tops outward, or are standing upon their bottoms in racks or trays, they are at a distance of a few feet indistinguishable. It taxes credulity to believe that so close a resemblance was accidental.

There, however, appears to be nothing of substance in plaintiff's claim that defendant has imitated its distinctive type of bottle. The two designs are not enough alike to justify a finding that as to them there is unfair competition. The defendant, after the manner of others in like case, says it has always wanted to sell its drink for what it is, and to that end has done all that in it lies to distinguish its product from Coca-Cola. The courts have had frequent occasion to note the scant success which too often rewards such efforts.

In this case it is true that the evidence does not show that the defendant ever asked any one to sell its product as Coca-Cola. It appears that in Richmond, at least, most purchasers know that Taka-Kola is in a way different from Coca-Cola. On the other hand, the similarity of names seems to have suggested to unscrupulous retailers that they could mix defendant's product with that of plaintiff and sell the compound as Coca-Cola; the marked likeness in taste and color making such a partial substitution safe and easy. At one time, when in Richmond the supply of Coca-Cola ran short, this fraud appears to have been practiced to an appreciable extent.

[5] The strength of defendant's position, if it has any, must lie in the soundness of the contention which it sets up, implicitly, if not explicitly, that as Coca-Cola is not patented it has the right to make it if it will and can, or may make something as near like it as its skill and knowledge will permit; that, having produced a beverage which in all substantial respects is almost if not quite the same thing, there is no reason why it may not tell the public it has done so; and that it makes no legal difference whether to give this information it uses many sentences, or but one or only two short words. It says that, while the phrase "Taka-Kola" informs possible purchasers that the beverage it makes is very much like Coca-Cola, it also gives him to understand that it is the product of another concern.

The argument is ingenious. It is of course true that, because plaintiff's drink is not patented, any one who knows how can make it without leave or license from plaintiff; but also, because it never has been patented, the name which constitutes plaintiff's trade-mark for it may not, without plaintiff's consent, be either used or imitated by another. Buffalo Specialty Co. v. Van Cleef, 227 Fed. 391, 142 C. C. A. 87; Hopkins on Trade-Marks, 3rd Ed. Sec. 51.

May defendant employ, for the sole purpose of bringing its wares speedily and cheaply into notice, a variant of plaintiff's trade-mark so close as to suggest the latter to every one, thereby turning to its own profit the reputation which the plaintiff has built up through many years of skill and effort, and at the cost of millions expended in advertising its goods under its mark? It may tell the thirsty that its drink is not only as good as Coca-Cola, but that it believes it to be in fact the

same thing; but can it do so by using plaintiff's trade-mark to plaintiff's hurt? Even if there is no attempt by defendant to palm off its goods as those of plaintiff, does it necessarily follow that defendant is not unfairly competing? The right to equitable relief is not confined to cases in which one man is selling his goods as those of another. International News Service v. Associated Press, 248 U. S. 215, 241, 39 Sup. Ct. 68, 63 L. Ed. 211, 2 A. L. R. 293. What in that case, upon a different state of facts, was said of the respondent, is applicable to defendant's conduct here, for it, too, "amounts to an unauthorized interference with the normal operation of complainant's legitimate business precisely at the point when the profit is to be reaped, in order to divert a material portion of the profit from those who have earned it to those who have not." Vide supra, page 240.

[6] By using the words "Taka-Kola," and by imitating the ornamentation of the crowns of plaintiff's bottles, defendant has unfairly competed and is still doing so; but has it not also infringed upon plaintiff's exclusive right to the use of its federally registered trademark? A trade-mark is property of a limited and qualified kind, it is true. It cannot exist apart from the business with which it is connected, nor in jurisdictions into which that business has not gone, leaving on one side the possible effect of state or federal registration. But it is property still within the somewhat restricted limits thus imposed upon its owner's rights. It would seem to follow, as we think it does, that it is entitled to protection against the attempt of a competitor to use it to push his wares to the possible and probable damage of the owner. Plaintiff's rights are limited at the most to two words. All the rest of infinity is open to defendant. It will be safe if it puts behind it the temptation to use in any fashion that which belongs to the plaintiff. It has not done so voluntarily, and compulsion must be applied.

It is unnecessary to say that we are deciding the case before us. Here we have found, from all the facts, both infringement of a trademark and unfair competition. We are not to be understood as intimating any opinion as to whether plaintiff has or has not any exclusive rights in either of the words which make up the trade-mark, when either is used separately from the other, and under circumstances in which there is no attempt by a competitor to use plaintiff's property to plaintiff's damage.

Both on the grounds of unfair competition and of infringement of a registered trade-mark defendant must be enjoined from the further use in its business of the phrase "Taka-Kola," and from continuing its unfair competition in the simulation of the ornamentation of the crowns of plaintiff's bottles, and must account for what it has done. It follows that the decree dismissing the bill of complaint must be reversed, and the cause remanded for further proceedings in accordance with the conclusions herein stated.

Reversed.