**PANITZ et al. v. UNIVERSITY CLOTHES, Inc.**

No. 4923.

Court of Appeals of District of Columbia.

Argued March 5, 1930.

Decided April 7, 1930.

Abe Shefferman, M. H. Aronson, and Bernard F. Garvey, all of Washington, D. C., for appellants.

Julius I. Peyser, George E. Edelin, and Theodore D. Peyser, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing on motion of defendant (appellee here) plaintiff's bill to restrain alleged infringement of plaintiff's trade-mark and trade-name, and to prevent unfair competition.

The material allegations of the bill are as follows: About the 1st of March, 1921, plaintiff commenced the selling of men's clothing and haberdashery, under the trade-mark and trade-name "The University Shop," at 506 Ninth Street N. W., in this city, and about October 1, 1926, opened another store under the same name at 1350 G Street N. W. The name "University Shop" was used not only to identify its place of business, "but also as a trade name for the goods vended." Plaintiff has expended large sums in advertising, and built up a reputation for high-grade men's clothing, which was frequently referred to by customers as "University clothes." Since 1921 more than one million dollars worth of clothes have been sold under its trade-name and trade-mark. Since 1925 a large electrical sign with the words "University Shop" has been displayed on the front of the store at 506 Ninth street, and, since the opening of the store on G street, the name "University Shop" has appeared on the windows of that store. Plaintiff, since the adoption and use of its mark, has been the sole and exclusive owner thereof.

Defendant, having notice of plaintiff's trade-mark and good will, and without license or permission of the plaintiff and against its will, located at 1201 Pennsylvania Avenue N. W., a similar business under the name "University Clothes, Inc.," and have since used a label bearing the name "University Clothes, Inc.," on men's clothing vended by it. This clothing is inferior in quality to the clothing sold by plaintiff under the name "University Shop." The use of the mark *University Clothes, Inc.*, "is unfairly designed and calculated by the defendant to deceive and is likely to deceive purchasers and cause them to believe that the clothes placed upon the market by the defendant are the clothes sold by the plaintiff; that the public and purchasers have been actually deceived by the defendant's use of the name 'University Clothes, Inc.' on its place of business."

In our view, a mere ocular examination of the two marks leads to the conclusion that, being devoted to goods of the same descriptive properties, they are sufficiently alike to cause confusion in trade and deceive pur-

chasers, within the meaning of the rule announced in Guggenheim v. Cantrell & Cochrane, 56 App. D. C. 100, 10 F.(2d) 895; Lambert Pharm. Co. v. Mentho-Listine Chem. Co., 47 App. D. C. 197; and Sweet Sixteen Co. v. Sweet "16" Shop (C. C. A.) 15 F.(2d) 920. The distinguishing and most striking feature of each mark is the word "University." As we said in Carmel Wine Co. v. California Winery, 38 App. D. C. 1, 3, "it goes without saying that one has no right to incorporate the mark of another as an essential feature of his mark. Such a practice would lead to no end of confusion, and deprive the owner of a mark of the just protection which the law accords him."

The decree is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.