A. J. ABRAMSON and Irwin Schwartz, d/b/a Caro Jewelry Company and Caro, Appellants,

v.

CORO, Inc., Appellee.

No. 16251.

United States Court of Appeals Fifth Circuit.

Feb. 5, 1957.

W. L. Guice, Jacob D. Guice, Rushing & Guice, Biloxi, Miss., for appellants.

Ira M. Millstein, New York City, S. E. Morse, Gulfport, Miss., Weil, Gotshal & Manges; Robert Todd Lang, New York City, of counsel, & Morse & Morse, and George R. Smith, Gulfport, Miss., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

BORAH, Circuit Judge.

The plaintiff, Coro, Inc., brought this action against A. J. Abramson and Irwin Schwartz, doing business as Caro Jewelry Company and Caro to enjoin them from infringing the trademark "Coro" and from engaging in unfair competition and for damages.[1] The defendants denied the charges of infringement and unfair competition. The District Court found all the material facts in favor of plaintiff and entered judgment enjoining defendants from the acts of infringement and unfair competition complained of. From that judgment the present appeal has been taken.

The material facts are in substance as follows: The plaintiff, a New York corporation, has since the year 1901 been engaged in the manufacture, sale, distribution, and promotion of costume jewelry and related items. It has manufacturing plants in the United States, Canada, and England, maintains sales offices and sales representatives throughout the United States and is and has been for many years a leader in the field of costume jewelry, selling to retail department stores, jewelry stores and specialty stores in every state of the Union and in most countries throughout the world. The word "Coro" as a trademark was formulated by joining the first two letters of the names of the founders of the business, Cohen and Rosenberger, and since 1919, plaintiff has used in connection with the sale of its costume jewelry the name and style of "Coro" written both in block letters and in script. In 1921 plaintiff registered with the Commissioner of Patents the name "Coro" as a trademark and has used this trademark continuously since that date. And subsequent thereto it has obtained numerous renewals of its trademark in a number of forms and for a variety of jewelry items and ornaments. Plaintiff has throughout the years expended substantial sums of money in a broad and varied program of advertising with the objective of promoting the name "Coro" and of enhancing the good will attached thereto. Such advertising appears throughout the United States including the states of Louisiana and Mississippi and is conducted through the media of radio, television, national fashion magazines, and newspapers. Plaintiff's products which are sold under the name of "Coro" have met with popular approval throughout the retail trade and the consuming public, its gross sales for the calendar year 1955 being approximately $26,000,000. Plaintiff sells its regular line of products to a number of stores in Biloxi and Gulfport, Mississippi, and in other towns and cities in that immediate vicinity and certain of its customers who sell Coro jewelry in Biloxi are within a few blocks of the retail jewelry stores owned and operated by the defendants. As a result of its extensive sales and advertising and the promotion of its products under its trademark, the name "Coro" has come to mean the products of plaintiff in the State of Mississippi and the cities of Biloxi and Gulfport as well as in all of the United States, and it is the name of "Coro" which distinguishes plaintiff's products from other similar goods.

Defendants operate a retail jewelry business in Biloxi under the name "Caro" and Caro Jewelry Company. They purchased the store in June 1954 from

---

1. The complaint asked for damages, but at the trial that prayer was waived.

David Rosenblum who theretofore had sold "Coro" costume jewelry. The defendants do not sell plaintiff's products but they do sell other and competing nationally known makes of costume jewelry of the same type in addition to diamonds, silverware and genuine jewelry. After acquiring the business of Rosenblum, the defendants adopted the name Caro Jewelry Company and have used the name "Caro" in both block and script letters closely imitating the script of "Coro" in plaintiff's trademark in connection with the advertisement and sale of their products and with full knowledge of the prior and extensive use by plaintiff of its trademark "Coro" in connection with the manufacture and sale of items of costume jewelry and various novelties. Although it appears that the attorney for defendants had in early 1954 selected the name "Caro" for the former owner, Rosenblum, because it meant "dear" or "beloved" in Italian, the defendant Schwartz admitted during the course of his cross-examination that he was not aware that the word "Caro" had any meaning in Italian until seven months prior to the trial which was had in March, 1956.

On the basis of these facts, among others which it is unnecessary to set forth in detail, the District Judge who saw and heard the witnesses found that the defendants' use of the name "Caro" for the conduct of their jewelry business was an intentional, and not an innocent appropriation of the important part of plaintiff's trademark; that the name "Caro" as used by defendants in their business is a colorable imitation of plaintiff's registered trademark and a deliberate infringment thereof; that the continued and unauthorized use by the defendants of the confusing similar name "Caro" has probably already caused and will inevitably cause confusion and deception to the consuming public, and will lead the average purchaser of costume jewelry erroneously to believe that the products advertised and sold by defendants are either manufactured or sponsored or sold by plaintiff or are being advertised and sold with the consent and authority of the plaintiff; and, finally, that the reputation built up by plaintiff through its many years of successful and extensive operation and the expenditure of substantial sums of money for advertising and publicity is being unfairly and improperly traded upon by the defendants in the conduct of their business.

Having thus found the facts of this case to be as we have detailed them above, the court consistent with its conclusions of law entered a judgment enjoining the defendants from: "(1) using the names 'Coro', 'Caro', 'Caro Jewelry Company' in block or script letters or in any other form, and any other name or corporate title simulating plaintiff's trademarks embodying the word 'Coro' in the operation of the business of defendants or in selling, marketing or otherwise disposing of costume jewelry, jewelry, novelty jewelry or any other items of merchandise," and "(2) * * * from any acts of unfair competition and trademark infringement arising out of their unlawful simulation of the trademarks of plaintiff embodying the word 'Coro'."

The defendants on this appeal urge four points of error, which they compress into one and their argument runs substantially as follows: That the existence of a general resemblance between "Caro" and plaintiff's trademark in and of itself, and absent a showing of actual instances of deception or confusion, or of damages sustained by plaintiff, or of any actual competition between the parties' respective businesses, was insufficient to justify the injunction that was issued below.

The argument is not persuasive. We take it to be the accepted rule that to establish infringement, plaintiff need only show as it did here that the name adopted by defendants is so similar to its trademark as to be *likely* to cause confusion among reasonably careful purchasers. The applicable statute, 15 U.S.C.A. § 1114(1) requires only that in an action for trademark infringe-

ment the colorable imitation be "* * * likely to cause confusion or mistake." And here the evidence clearly supports the court's findings that the manner in which defendants imitated plaintiff's trademark will not only inevitably cause confusion and deception to the consuming public, but that defendants by their intentional act of imitation have demonstrated their belief that there will be deception. Nor is there any merit to appellants' claim that there has been no showing of actual instances of deception or confusion, for no such evidence was required. George W. Luft Co. v. Zande Cosmetic Co., 2 Cir., 142 F.2d 536; Rice & Hutchins, Inc., v. Vera Shoe Co., 2 Cir., 290 F. 124. The authorities are legion in holding that proof of actual deception is not needed to justify an injunction against the use of a trademark if it is of such a character or used in such a way as to be likely to deceive a prospective purchaser, and that similarity of sound as well as appearance may be taken into account in weighing this probability. LaTouraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115; George W. Luft Co. v. Zande Cosmetic Co., supra; Esso, Inc., v. Standard Oil Co., 8 Cir., 98 F.2d 1; Queen Manufacturing Co. v. Isaac Ginsberg & Bros., 8 Cir., 25 F.2d 284; S. S. Kresge Co. v. Champion Spark Plug Co., 6 Cir., 3 F.2d 415; Coca Cola Co. v. Old Dominion Beverage Corp., 4 Cir., 271 F. 600. Likewise, appellants can derive no comfort from the argument that the injunction was improperly granted because there was no proof that Coro, Inc. sustained any damage, for as we said in Pure Foods, Inc., v. Minute Maid Corp., 5 Cir., 214 F.2d 792, 797: "To authorize preventive relief through the issuance of an injunction proof of actual damage is not necessary, but the likelihood of damage is sufficient. [citing authorities]." Finally, and as to unfair competition, we think a finding of actual competition was implicit in the trial court's findings of fact which we have outlined above. But even if the contrary conclusion is warranted, relief by way of injunction in an action for unfair competition is not precluded solely by the fact that the goods or businesses of the litigants are not in actual competition. Cockrell v. Davis, 198 Miss. 660, 23 So.2d 256.

The judgment of the District Court was right and it is affirmed.

Affirmed.