49 CCPA

**The FROSTIE COMPANY, Appellant,**

v.

**SUN-GLO PACKERS, INC., Appellee.**

**SUN-GLO PACKERS, INC., Appellant,**

v.

**The FROSTIE COMPANY, Appellee.**

**Patent Appeal Nos. 6908, 6920.**

United States Court of Customs and Patent Appeals.

April 11, 1962.

I. William Millen, Arlington, Va., for Sun-Glo Packers, Inc.

John Gibson Semmes, Washington, D. C., for The Frostie Co.

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Judges.

PER CURIAM.

The Frostie Company, opposer in Opposition No. 39,606, has appealed from the decision of the Trademark Trial and Appeal Board dismissing the opposition (132 USPQ 24). Sun-Glo Packers, Inc., the applicant, subsequently appealed from the same decision of the board which also dismissed applicant's affirmative defense which set forth grounds for affirmative relief by way of cancellation of one of opposer's registered trademarks enumerated in its notice of opposition.[1]

The Frostie Company, has now filed a notice that it elects to have all further proceedings in connection with applicant's affirmative defense conducted as provided by 35 U.S.C. § 146.[2] Sun-Glo has moved to consolidate the two appeals.

Applicant's affirmative defense is necessarily before this court as an integral part of the opposition proceedings and cannot be separated therefrom for independent adjudication. We hold, therefore, that the election provision of Section 21 of the Trademark Act is not

---

1. The Trademark Rules of Practice of the Patent Office provide as follows with regard to pleading an affirmative defense in the answer to a notice of opposition.

Rule 2.106 ANSWER

\* \* \* \* \*

"(b) An answer may contain any affirmative defense, including a request for affirmative relief by way of cancellation of a registration pleaded in the notice of opposition, \* \* \*." 15 U.S.C.Appendix.

2. Section 21 of the Trademark Act of 1946 (15 U.S.C. § 1071) includes the following provision:

"Provided, That any party who is satisfied with the decision of the Trademark Trial and Appeal Board shall, upon the filing of an appeal to the Court of Customs and Patent Appeals by any dissatisfied party, have the right to elect to have all further proceedings under section 146 of Title 35, by election as provided in section 141 of title 35."

The relevant portion of 35 U.S.C. § 141 reads:

"A party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority may appeal to the United States Court of Customs and Patent Appeals, but such appeal shall be dismissed if any adverse party to such interference, within twenty days after the appellant has filed notice of appeal according to section 142 of this title, files notice with the Commissioner that he elects to have all further proceedings conducted as provided in section 146 of this title."

applicable to an integral part of the opposition proceeding which this court must review on the appeal from the decision thereof.

For the foregoing reasons, we treat applicant's appeal as a cross-appeal which will be adjudicated with the main appeal. We, therefore, grant the motion of applicant for consolidation of the two appeals, and the clerk is ordered to apportion the costs of printing the record as provided by the rules of this court.[3]

Applicant's motion to correct diminution of the record has been considered. Since all the materials referred to in this motion appear now to be certified to the court by one party or the other, there appears to be no basis for the motion and it is accordingly denied.

---

3. Sun-Glo also filed a motion to dismiss Frostie's notice of election. This motion, addressed to the Commissioner of Patents, was not acted upon but was certified to this court along with the notice of election. While this motion is not addressed to this court, we are *in effect* granting the motion in holding that the election provision is not applicable in this situation.