50 CCPA

The FROSTIE COMPANY, Appellant,

v.

SUN–GLO PACKERS, INC., Appellee.

SUN–GLO PACKERS, INC., Appellant,

v.

The FROSTIE COMPANY, Appellee.

Patent Appeal Nos. 6908 and 6920.

United States Court of Customs
and Patent Appeals.

April 25, 1963.

See also 300 F.2d 940.

John Gibson Semmes, Semmes &
Semmes, David H. Semmes, Washington, D. C., for The Frostie Company.

I. William Millen, Toulmin & Toulmin,
Washington, D. C., for Sun-Glo Packers,
Inc.

Before WORLEY, Chief Judge, and
RICH, MARTIN, SMITH, and
ALMOND, Associate Judges.

WORLEY, Chief Judge.

An application by Sun-Glo Packers for
registration of "FROSTY INN" with
certain design matter[1] for syrups and
concentrates for making soft drinks is
opposed by The Frostie Company, registrant of "FROSTIE," both alone and in
association with other words and designs,[2] for root beer and an extract for
making same. Sun-Glo counterclaims by
seeking cancellation of the Frostie Company's registration of "FROSTIE."[3]

The Trademark Trial and Appeal
Board dismissed both the opposition and
counterclaim.

Appeal No. 6908 is by the Frostie Company from dismissal of the opposition,
and Appeal No. 6920 is by Sun-Glo from
dismissal of the counterclaim.

Both parties took testimony and introduced documentary exhibits. The

1. The application, Serial No. 74,264, filed
May 21, 1959, shows the words "FROSTY
INN" in script enclosed in a circle which
is crosshatched.

2. The following registrations are set out
in the Notice of Opposition:
Reg. No. 653,485, for the word
"FROSTIE," issued October 22, 1957,
Reg. No. 678,542, for "MR FROSTIE,"
issued May 12, 1959,
Reg. No. 643,670, for "FROSTIE OLD
FASHION," issued April 2, 1957,

Reg. No. 650,594, for "FROSTIE OLD
FASHION" in association with a design, issued August 20, 1957,
Reg. No. 662,052, (Supplemental Register), for "FROSTIE OLD FASHION"
in association with a design, issued May
20, 1958, and
Reg. No. 639,770, for "FROSTIE" in association with a design comprising a
man's head and a face having a long
beard, issued January 8, 1957.

3. Reg. No. 653,485.

board summarized the evidence as follows:

"The record shows that opposer, through a predecessor in business, through more than 200 franchised bottlers of soft drinks, and through franchised processors of root beer syrup made in accordance with opposer's specifications and used in soda fountains and vending machines, has since as early as 1939 continuously used the term 'FROSTIE', either alone or in association with other more or less ancillary matter as a trademark for root beer and for syrups used in the manufacture thereof. 'FROSTIE' root beer is marketed both in bottle and in draft form throughout a substantial part of the United States, and it has been advertised both by opposer and its franchised bottlers.

"According to its testimony, applicant has, since about February 1959, used the mark 'FROSTY INN' for syrups used in making a variety of soft drinks, including root beer, which it sells exclusively to a number of drive-in-stands operating under a franchise agreement with applicant and doing business under the trade designation "FROSTY INN'."

The board also noted that Sun-Glo introduced in evidence a number of third party registrations for marks comprising the words "FROST" or variations thereof in support of its contention that Frostie Company's mark "FROSTIE" is merely a descriptive term as applied to soft drinks. Referring to the definition of "FROSTY," [4] the board found that neither "FROSTY" nor "FROSTIE" describes any characteristics or properties of root beer or other soft drinks, and stated that the third party registrations were insufficient to prove that those words would be regarded by purchasers as descriptive of such goods.

It was the opinion of the board that "FROSTY" or "FROSTIE" as applied to a soft drink suggests one that is cold, chilled, or refreshingly cool. The board then stated:

"Considering therefore the suggestive connotation of the word 'FROSTY' or 'FROSTIE,' the fact that it has been registered by numerous others in combination with other words as trademarks for beverages, and the substantial differences between the marks here involved in sound, meaning, and appearance, it is concluded that there is no reasonable likelihood of confusion or mistake or deception of purchasers."

Sun-Glo, in support of its counterclaim for cancellation, contends that "FROSTIE" is merely descriptive of a soft drink in its condition as it is consumed. We are in full agreement with the board that neither "FROSTY" nor "FROSTIE" describes any property of root beer or other soft drinks. Thus they are not descriptive.

While we have, in certain cases, e. g., Murray Corporation of America v. Red Spot Paint and Varnish Co., 280 F.2d 158, 47 CCPA 1152, cited by the board, treated the suggestiveness of a mark as a factor to be considered in determining the question of likelihood of confusion, each case must be determined on its own particular facts and circumstances.

Here, "FROSTY INN" is applied to the same goods as those for which the trademark "FROSTIE" is registered. In practical effect the former incorporates the latter in its entirety. The additional word "INN" is short and forms the terminal part of Sun-Glo's mark, thereby minimizing any effect it might have in distinguishing from the single word mark, "FROSTIE," in either sound or

---

4. The board cited the definition of "FROSTY" in Funk & Wagnalls New Standard Dictionary as
  1. Attended with frost; freezing; icy; as frosty weather.

2. Affected by or covered with frost; frozen, as, the frosty pane; hence, figuratively, lacking in warmth; frigid in manner; chilling; distant.
  3. Having the appearance of frost; * * *.

appearance. Considering the marks as a whole, we think "FROSTY INN" so resembles the registered mark, "FROSTIE," as to be likely, when applied to Sun-Glo's syrups and concentrates, to cause confusion or mistake or to deceive purchasers.

The decision of the Trademark Trial and Appeal Board is reversed as to the dismissal of the opposition, and affirmed as to the dismissal of the counterclaim for cancellation.

Modified.