**ALOE CREME LABORATORIES, INC.,**
Appellant,

v.

**TEXAS PHARMACAL COMPANY,**
Appellee.

No. 20807.

United States Court of Appeals
Fifth Circuit.

July 21, 1964.

Rehearing Denied Sept. 4, 1964.

William P. Dobbins, San Antonio, Tex., and James R. McKnight, Chicago, Ill., for appellant.

Irving M. Tullar, Washington, D. C., and Clinton G. Brown, Jr., San Antonio, Tex., for appellee.

Before HUTCHESON and RIVES, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge.

Appellant, Aloe Creme Laboratories, Inc., filed this action below under 35 U.S.C.A. § 146 and 15 U.S.C.A. § 1071 seeking a reversal of a ruling of the United States Patent Office denying its claim to the right to the trademark registration of "ALO-CREME" and "ALO-CREME AFTER TAN." Appellee, The Texas Pharmacal Company, filed a counterclaim under Section 1338(b) of Title 28 U.S.C.A. and Section 1116 et seq. of Title 15 U.S.C.A. to enjoin the use of those names and "ALOE CREME", as trademarks, tradenames or parts thereof on the ground that each

infringes its trademark, "ALLER-CREME," and "ALLERCREME SAF-TAN," and that their use constitutes unfair competition.

Upon the evidence presented at the trial and upon that before the Patent Office, the trial court affirmed the Patent Office ruling that its action was supported by susbtantial evidence and was not clearly erroneous. The court also ruled that because of the evidence of actual deception and confusion, and the further likelihood of confusion, appellee was entitled to an injunction prohibiting the use of "ALO-CREME," "ALO-CREME AFTER TAN," and "ALOE CREME" as trademarks on the ground that each infringed appellee's prior registered trademark, "ALLERCREME," and that their use amounted to unfair competition in trade.

The name "ALLERCREME" was registered on May 30, 1944, and "ALLER-CREME SAF-TAN" on January 19, 1954. Appellant's mark, "ALO-CREME" was registered on June 1, 1954, and on January 31, 1955, appellant filed its application for registration of "ALO-CREME AFTER TAN."[1]

Appellant contends that its mark "ALO-CREME" was chosen because "ALO" suggests the Aloe Veraplant,[2] the main active ingredient of its preparations; that it has emphasized the use of the Aloe Vera gel in the use, sale and advertising of its products so that they are characterized by that plant; that there has been no actual confusion between its products and those of appellee, and that there is such a substantial difference between its goods and those of appellee and between their marks and packages that there is no likelihood of confusion.

Appellee contends that the presence or lack of ingredients has no bearing on the registration of appellant's marks or their infringement of appellee's mark and tradename.[3] It points to the record to sustain the finding of actual confusion as well as the likelihood of confusion.

Appellant is a Florida corporation with its principal place of business at Ft. Lauderdale, Fla. It has been in business for more than ten years. It does not manufacture its products, but under the name, "ALO-CREME" advertises and sells through substantially the same trade channels and in the same common market as appellee, a body lotion, hands, face and legs lotion, shampoo, skin cleanser and other preparations. It also advertises and sells a sun tan cream under the name, "ALO-CREME AFTER TAN." Since 1939 appellee, a Texas corporation with its principal place of business at San Antonio, Texas, has manufactured, advertised and sold under the name "ALLERCREME," cosmetic preparations for the same use, and also a sun tan cream under the name "ALLERCREME SAF-TAN." It has about 3400 accounts throughout the United States, Canada, Puerto Rico and Venezuela. Appellant

1. Appellee instituted timely Cancellation Proceedings to the former and Opposition Proceedings to the latter. These proceedings were consolidated. The Examiner of Interferences sustained both proceedings. The Commissioner of Patents affirmed the decision of the Examiner.

2. Appellant represented to the Patent Office (R 286) that "the word 'ALO' appearing in applicant's mark has no meaning." Upon the pre-trial (R 84) it stated that the name "ALO-CREME" was not descriptive and that it was an arbitrary mark.

3. In Nashville Syrup Co. v. Coca-Cola Co., 6 Cir. 215 F. 527, the court said:
   "Closely connected with what has been said, but separately urged by defendant, is the claim that because in compounding its product defendant has used coca leaves in considerable quantity and has used real cola nuts to furnish the caffeine, it must be permitted to call its article 'Coca Cola.' * * * Assuming that 'Grape Nuts' had been exclusively used for a long period as the distinct name of a particular maker's compound food, could a newcomer rightfully take away a part of the established trade by using the same name for his new compound, just because it contained some nuts and was flavored with grape juice? To us, a negative answer seems imperative, and no less so in the instant case."

and appellee sell some of the same customers (R 245).

On January 13, 1955 (R 288,289), appellee wrote appellant asserting that the names were entirely too similar, making complaint of the likelihood of confusion, and inviting an adjustment without litigation.

The parties advance a number of well established principles of law. We adhere to those applicable, but so much has been written in this area that a restatement would be a work of supererogation rather than utility.

▐ First we must inquire whether the trial court's findings of fact in this case were "clearly erroneous" under Rule 52(a).

▐ The rule that a finding of fact by the District Court, sitting without a jury, may be set aside on appeal only if it is clearly erroneous, Rule 52(a), 28 U.S.C.A., applies to patent and trademark cases under 35 U.S.C.A. § 146.[4] Esso Standard Oil Company v. Sun Oil Company, 97 U.S.App.D.C. 154, 229 F.2d 37, Cert. denied, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491. In patent and trademark cases "a finding of fact by the Patent Office as to priority of invention

or confusing similarity of marks must be accepted as controlling, unless the contrary is established by evidence 'which, in character and amount carries thorough conviction.' " [5] Esso Standard Oil Company v. Sun Oil Company, supra. This rule applies though the case is heard *de novo* in the District Court. Radio Corporation of America v. International Standard Electric Corporation, 3 Cir., 232 F.2d 726.

The Examiner of Interferences in his findings and opinion of February 21, 1958, ruled that there was likelihood of confusion,[6] and found two instances of actual confusion, but held that two instances over the years were not conclusive as showing actual confusion.[7] The Commissioner, speaking through his Assistant in affirming the Examiner, also ruled that there was a likelihood of confusion.[8]

The record made on the trial before the court reveals thirteen instances of actual confusion occurring between January 13, 1959, and February 19, 1962.[9]

▐ The trial court concluded that there was not only a likelihood of confusion,[10] but that actual confusion had resulted.

---

4. This section contains the following provision:
   "The testimony and exhibits of the record in the Patent Office when admitted shall have the same effect as if originally taken and produced in the suit."

5. Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 38 L.Ed. 657.

6. The Examiner concluded:
   "Since the parties' cosmetic products move through the same trade channels, some in the same localities, and are advertised to the same purchasers, it is believed that contemporaneous use of the parties' marks on their identical goods would lead purchasers to attribute to Texas the source of Aloe's goods. Aloe is the newcomer in the field by a good many years so that it was incumbent upon Aloe to select marks that were not the same or substantially the same as those of Texas." (R 280)

7. In his further opinion on application for reconsideration he qualified the latter holding, and ruled in effect that the ab-

sence of actual confusion over a reasonable period of time created no presumption against the likelihood of confusion.

8. The Commissioner said:
   "The record leads to the inescapable conclusion that applicant's "Alo-Creme" and "Alo-Creme After Tan" so resemble opposer's previously registered marks "Allercreme" and "Saf-Tan" as to be likely, when applied to the goods, to cause confusion, mistake, or deception of purchaser. Applicant's arguments to the effect that since its product contains extractives of the aloe plant, this fact would be recognized by the public is not supported by the record, but even if it were, there is nothing in the record which indicates that such recognition would be sufficient to avoid the likelihood of confusion." (R 285)

9. See R 190–197 and Exhibits 16(a) to 16(n) R 290–328.

10. Only likelihood of confusion is required. 15 U.S.C.A. §§ 1052(d) and 1114(1). See American Foods, Inc. v. Golden

The record supports the court's findings of fact. Such findings are not clearly erroneous either in law or fact.

Although proof of actual deception is not needed to justify an injunction against the use of a trademark, Abramson v. Coro, Inc., 5 Cir., 240 F.2d 854, such proof emphasizes the need for that relief, both as to the infringing mark and as to unfair competition.

There was no error in the court's affirmance of the decision of the Patent Office, or in granting injunctive relief to appellee under its counterclaim, and its decision is

Affirmed.

Flake, Inc., 5 Cir., 312 F.2d 619, 624, where this Court said:

"[I]t is the accepted rule that infringement may be established by showing only that confusion is likely, and there need be no showing of actual confusion or deception if the mark is of such character or is used in such a way as to likely confuse a prospective purchaser. Abramson v. Coro, Inc., 5 Cir., 1957, 240 F.2d 854."