The **FROSTIE COMPANY**, Appellant,

v.

**DR. PEPPER COMPANY**, Appellee.

No. 21836.

United States Court of Appeals Fifth Circuit.

Feb. 12, 1965.

**364**

Daphne Robert Leeds, Washington, D. C., Anthony Atwell, Dallas, Tex., David H. Semmes, John Gibson Semmes, Washington, D. C., Atwell, Grayson & Atwell, Dallas, Tex., Semmes & Semmes, Washington, D. C., for appellant.

B. Thomas McElroy, W. D. White, White, McElroy & White, Dallas, Tex., for appellee.

Before TUTTLE, Chief Judge, and BROWN and GEWIN, Circuit Judges.

TUTTLE, Chief Judge:

This is an appeal by the owner of the trademark "Frostie" when used in connection with the sale of a soft drink from an order of the trial court denying an injunction against infringement of its trademark and against unfair competition resulting from the use by the Dr. Pepper Company of the words "Frosty Pepper" prominently printed on the cartons of its soft drink product. The suit is brought under the Lanham Act, 15 U.S.C.A. §§ 1114–1119, 1121 and 1125 (a).

The record disclosed without dispute that the appellant is the owner of the valid trademark Frostie which it acquired in connection with the sale of a root beer concentrate; that it had many franchised bottlers throughout the country including 45 independent bottlers franchised both by the appellant and the appellee. The products of both parties are used by bottlers to produce bottles of Frostie and Dr. Pepper respectively which are sold largely in six-pack cartons stacked up in the soft drink departments of supermarkets and other outlets.

Prior to the acquisition of the trademark by appellant, the Dr. Pepper Company had used in its advertising copy, but not on the packages containing its bottles, the adjective "Frosty," in sug-

gesting that Dr. Pepper should be served cold such as "Dr. Pepper in a fresh, frosty bottle," "chilled to a frosty turn," "ice-cold bottles that come to you frosty and cold," "get your Dr. Pepper frosty and cold." Appellants do not contest the right of the appellees to use such terminology in their advertising and sales promotion work, as, of course, they could not. In 1959 the appellee began using the words "Frosty Pep" on its cartons. These cartons also contained a picture of a bottle of Dr. Pepper being poured into a glass containing ice cream, and also on the opposite side contained the trademark Dr. Pepper and the words beneath it, "and ice cream." It has ceased using the words "Frosty Pep" following litigation in which it was held that the word "pep" infringed the trademark of the Pepsi Cola Company. Subsequently, during the summer months the Dr. Pepper Company began using on its cartons the words "Frosty Pepper" together with a picture of a bottle of Dr. Pepper, a glass containing ice cream combined with a liquid, and with the words of the Dr. Pepper trademark and the words "and ice cream."

■ There was no substantial proof by the appellants of actual confusion, although appellant tendered in evidence proof that not infrequently bottles of Frostie were delivered by bottlers in cartons bearing the name Dr. Pepper. The court ruled out this evidence and other proof tending to link the products of the two parties together in the public mind. The court held that this evidence was inadmissible because it was not the act of the appellee. This was error. Once the mark is used by appellee, the tendency of that use to confuse the public may be shown. The question remains whether the prominent use of the words "Frosty Pepper," embodying as it does,

in effect, the entire trademark of the Frostie Company on the package that is put on display for the purpose of attracting customers, is a violation of the provisions of the Lanham Act.[1]

■ The trial court found "a 'noun' is a name of a person, place or thing. An 'adjective' is a word that describes a noun. 'Pepper' is a noun and is a name for Defendant's drink. 'Frosty' is an adjective, meaning that which is cold or frozen, and when applied to 'Pepper' serves merely to modify, describe, or qualify such name as to condition or suggested use." This finding is contrary to the testimony by the witnesses testifying for the Dr. Pepper Company and is clearly erroneous in that the words "Frosty Pepper" clearly, according to all of the evidence, describe a drink consisting of the Dr. Pepper with ice cream added. While it is true that the Dr. Pepper Company was not in the business of selling what is thus called a "Frosty Pepper," it can not be doubted that the words "Frosty Pepper" designated an article, one of the ingredients of which was the article sold by the Dr. Pepper Company. It is equally clear that the word "Frosty" in the combination did not qualify the Dr. Pepper drink that was on sale.

It can hardly be disputed that any person seeing a carton of soft drinks bearing the legend "Frosty Pepper" in prominent type who, for some reason, had learned of the existence of appellant's drink "Frostie," but without knowing the source or origin of the drink may well have been misled into picking up a carton of Dr. Pepper bearing such label. Obviously, appellee would not have used this legend had they not intended thereby to attract purchasers. To the extent that the attraction was based on the use of the word Frosty, the attraction was

1. The relevant provision is as follows:
   "Any person who shall, in commerce, (a) use, without the consent of the registrant, in the reproduction, counterfeit, copy or colorable imitation of any registered mark in connection with the sale, offering for sale, or advertising of any

goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods or services * * * shall be liable to a civil action by the registrant * * *."

based on the use of appellant's trademark.

■■ The finding by the trial court that such use was not likely to confuse the consumer, must necessarily have been based on the impermissible assumption that a prospective purchaser who was familiar with the trademark Frostie also knew that Frostie was not a product of the Dr. Pepper Company. Here was a direct appeal to persons who might be attracted by the term Frosty, or Frostie. To the extent that such attraction resulted from the exploitation by the appellee of appellant's trademark Frostie, to which appellant had the exclusive right as a trademark for such bottled goods, this would be an infringement of appellant's rights.

This Court has, of course, held that an intent to infringe or an intent to mislead the public is not a necessary ingredient to an action such as this. American Foods, Inc. v. Golden Flake, Inc., 5 Cir., 312 F.2d 619. We have also held that proof of actual confusion is not required since under the terms of the Lanham Act the likelihood of confusion is the appropriate test. Abramson v. Coro, Inc., 5 Cir., 240 F.2d 854. In view of the difference in spelling here between Frostie and Frosty, the language used by this Court in the Abramson case is of particular significance. We there said:

> "The authorities are legion in holding that proof of actual deception is not needed to justify an injunction against the use of a trademark if it is of such a character or used in such a way as to be likely to deceive a prospective purchaser, and that similarity of sound as well as appearance may be taken into account in weighing this probability." citing, LaTouraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115; George W. Luft Co. v. Zande Cosmetic Co., 2 Cir., 142 F.2d 536; Esso, Inc. v. Standard Oil Co., 8 Cir., 98 F.2d 1; Queen Manufacturing Co. v. Isaac Ginsberg & Bros., 8 Cir., 25 F.2d 284; S. S. Kresge Co.

v. Champion Spark Plug Co., 6 Cir., 3 F.2d 415; Coca Cola Co. v. Old Dominion Beverage Corp., 4 Cir., 271 F. 600.

Our determination that the word Frosty does not describe the characteristics of Dr. Pepper is supported by a decision of the United States Court of Customs and Patent Appeals in the Frostie Company v. Sun-Glo Packers, Inc., 315 F.2d 932, 49 C.C.P.A. 983. In that case, the appellant here was opposing the registration of a trademark by Sun-Glo Packers, Inc. consisting of the words "Frosty Inn" when used in connection with a soft drink. The Court of Customs and Patent Appeals said, "We are in full agreement with the board [the trademark trial and appeal board] that neither 'Frosty' nor 'Frostie' describes any property of root beer or other soft drinks. Thus they are not descriptive." Persuasive also in the decision of this case, the court there said, "Here, 'Frosty Inn' is applied to the same goods as those for which the trademark 'Frostie' is registered. In practical effect the former incorporates the latter in its entirety." The same is true here. The words Frosty Pepper "incorporates 'Frostie' in its entirety."

The trial court, in its discussion of nouns and adjectives, proceeded on the assumption that if the term Frosty in the words Frosty Pepper was anything other than descriptive of the article being sold by the appellee then, because of its identity with appellant's trademark this would amount to an infringement. In this the trial court was correct. However, in deciding that the word Frosty was descriptive, the trial court was clearly in error. As indicated in the Lanham Act, it is a defense to an action if "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a trade or service mark [trademark,] * * * of a term or device which is *descriptive* of and used fairly and in good faith only to *describe* to users the goods * * * of such parties * * *." (Emphasis added.) "Frosty" does not describe to pro-

spective users the goods sold by Dr. Pepper Company. It is a description of something else, as all parties agree. It is used in such a manner as to attract prospective customers to the product of the Dr. Pepper Company. Since such use of it incorporates the entire trademark of the appellant and can not be excused as being descriptive of the appellee's product, then it is, almost by definition, the equivalent of an infringing mark.

In determining whether there was likelihood of confusion, a matter as to which there was no substantial evidence, we are of the view that a mere ocular examination of the two marks might permit the trial court to make its conclusion.[2] However, all relevant evidence should be considered.

Since it is impossible to determine from the record whether the trial judge admitted and considered all of the relevant evidence which was tendered on the issue of confusion, the case must be remanded for a factual inquiry into this question. In determining whether the appellee's use of the words "Frosty Pepper" on its soft drink cartons is likely to confuse the consumer as to the source and origin of the goods, all the relevant evidence should have been considered by the trial court, including the exhibits of Dr. Pepper cartons and Frostie cartons containing the products of both of the parties. Indeed, as Callman points out: "The exhibit is of more potent evidentiary value than the testimony of witnesses." 3 Callman, Unfair Competition and Trade-Marks 1576 (2d Ed. 1950). The court must determine in its own opinion whether there is a likelihood of confusion, and it may not assume that the ordinary purchaser is thoroughly familiar with the products of the two parties. While all the tendered evidence is before us on appeal, we would prefer not to rely on an ocular examination by an appellate tribunal, but to leave to the district court, after a consideration of all the relevant evidence, the task of making an initial determination whether in the use of "Frosty Pepper" by appellee there is the requisite likelihood of confusion.

The judgment of the trial court is, therefore, reversed and the case is remanded for further proceedings not inconsistent with this opinion.

2. As stated by the Court of Appeals for the District of Columbia Circuit in Panitz, et al. v. University Clothes, Inc., 59 App.D.C. 299, 40 F.2d 811: "In our view, a mere ocular examination of the two marks leads to the conclusion that being devoted to goods of the same descriptive properties, they are sufficiently alike to cause confusion in trade and deceive purchasers, within the meaning of the rule announced * * *"