**JERRICO, INC., etc., Plaintiff,**

v.

**JERRY'S, INC., etc., Defendant.**

**No. 72–1750–Civ–CF.**

United States District Court,
S. D. Florida.

May 22, 1974.

Ira H. Leesfield, Frates, Floyd, Pearson, Stewart, Proenza & Richman, P. A., Miami, Fla., and Melville, Strasser, Foster & Hoffman, Cincinnati, Ohio, for plaintiff.

Karl V. Hart, Shutts & Bowen, Miami, Fla., and Robert S. Swecker, Burns, Doane, Swecker & Mathis, Washington, D. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### INTRODUCTION

FULTON, Chief Judge.

Plaintiff, Jerrico, Inc., has registered with the United States Patent Office the marks "JERRY'S DRIVE-IN"[1] and "JERRY'S RESTAURANT"[2] for restaurant services. Both registrations are in full force and effect and are retroactive to the dates of issuance. Plaintiff initiated this action against defendant, Jerry's, Inc., for infringement of these federally registered marks under the Lanham Act, 15 U.S.C. § 1114(1) and for unfair competition. Defendant, Jerry's, Inc., denied infringement and raised several affirmative defenses. Defendant has also counterclaimed, seeking a declaratory judgment of its rights as between the parties to use the marks "JERRY'S," "JERRY'S RESTAURANT" and "JERRY'S CATERERS."

### HISTORY OF JERRICO, INC.

In 1946, Jerome M. Lederer opened his first restaurant in Lexington, Kentucky under the name "JERRY'S." Thereafter, from 1946 through 1956, Mr. Lederer opened a number of restaurants identified by the name "JERRY'S DRIVE-IN" or "JERRY'S RESTAURANT" in the Lexington and Louisville, Kentucky areas.[3]

In April, 1957, plaintiff opened its first restaurant outside the State of Kentucky in New Albany, Indiana. This restaurant was operated as a franchise under the name "JERRY'S DRIVE-IN." Subsequently, plaintiff opened restaurants in the States of Kentucky, Indiana, Florida,[4] Ohio, Tennessee and Geor-

---

1. United States Registration No. 660,436, issued April 8, 1958.

2. United States Registration No. 743,137, issued January 1, 1963.

3. 

| Location | Opening Date |
| --- | --- |
| Lexington | July, 1949 |
| Louisville | January, 1953 |
| Lexington | September, 1954 |
| Louisville | March, 1956 |
| Louisville | December, 1956 |

4. The restaurants which have been operated by plaintiff, or plaintiff's franchisees under the name "JERRY'S DRIVE-IN" and "JERRY'S RESTAURANT" in the State of Florida are:

| Location | Opening Date | Closing Date |
| --- | --- | --- |
| Fort Lauderdale | October, 1957 | 1967 |
| Pensacola | May 18, 1962 | 1964 |
| Gainesville | August 24, 1962 | Sept. 15, 1972 |
| Tampa | July 24, 1964 | December 17, 1967 |
| Gainesville | May 12, 1965 | |
| Tallahassee | June, 1965 | |
| Ocala | July 14, 1965 | |
| Ft. Myers | Jan. 26, 1966 | |
| Lakeland | Jan. 1972 | |
| Tallahassee | October, 1972 | |
| Winter Haven | April 1, 1973 | |
| Altamonte Springs | April 9, 1973 | |
| Orlando | July 1, 1973 | |

gia, following the major highways in route from the midwest to Florida. The present action is concerned primarily with the plaintiff's Florida restaurant operations.

## HISTORY OF JERRY'S, INC.

Defendant's business was founded by the late Gerard J. Pendergast, Sr. who was a pioneer in the airline catering business in Florida. In the early 1940s Mr. Pendergast began providing box lunches for National Airlines. This service was initially provided at St. Petersburg and then later at Tampa. Beginning in 1943 Mr. Pendergast moved the business to Jacksonville following National Airlines' change of headquarters. Mr. Pendergast conducted this business under the name "JERRY'S CATERERS."

In 1954 National Airlines moved its headquarters from Jacksonville to Miami and Mr. Pendergast likewise moved his food catering business to Miami at the request of the airlines. In 1946 a restaurant was opened at Miami International Airport under the names "JERRY'S," "JERRY'S RESTAURANT" and "JERRY'S CATERERS RESTAURANT." At this time, Mr. Pendergast conducted an airline catering service from the restaurant under the names "JERRY'S" and "JERRY'S CATERERS." Defendant and its predecessor, Gerard J. Pendergast, Sr., also operated a restaurant and motel under the name "JERRY'S RESTAURANT" from 1959 to 1969 at Islamorada, Florida.

The defendant, "JERRY'S, INC." was incorporated in the State of Florida in 1964. Defendant presently conducts its diverse business activities through a number of corporate subsidiaries operat-

ing in the State of Florida.[5] In addition, airline catering facilities are operated by defendant under the name "JERRY'S CATERERS" at various Florida airports.[6]

In addition to scheduled airline catering, defendant also provides catering services for unscheduled and charter flights, golf and tennis tournaments and general catering operation. Defendant's corporate activities also include the operation of vending machine businesses in Leon County [Tallahassee], Lee County, Volusia County, Sarasota County and Brevard County. All of these sundry business activities are operated under the name "JERRY'S CATERERS."

Defendant also operates airport restaurants, coffee shops and cocktail lounges which are open to the general public at airports in West Palm Beach, Sarasota, Melbourne Beach, Daytona Beach, Tallahassee and Fort Myers. Some of these restaurants have been operating under the names "JERRY'S," "JERRY'S RESTAURANT" and "JERRY'S CATERERS," with "JERRY'S" being the lead name. In this regard, the name "JERRY'S" has been prominently displayed by the defendant, particularly at the entrance of the above restaurants, in the use of billboards and in media advertising.

## SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has jurisdiction under the trademark laws of the United States, 28 U.S.C. § 1338, and the Lanham Act, 15 U.S.C. § 1114(1).

2. The service marks registered to plaintiff, referred to in footnotes 1 and 2, *supra*, are in full force and effect, retro-

---

5. Caterers, Inc., Jerry's of Sarasota, Inc., Jerry's of Palm Beach, Inc., Jerry's of Cape Kennedy, Inc., Jerry's of Fort Lauderdale, Inc., Jerry's of Volusia County, Inc., Jerry's of Tallahassee, Inc., and Jerry's of Opa Locka, Inc.

6. Defendant presently operates airline catering facilities under the name "Jerry's Caterers" at West Palm Beach Airport, West Palm Beach, Florida; Sarasota-Manatee Airport, Sarasota, Florida; Ft. Lauderdale Airport, Ft. Lauderdale, Florida; JFK Memorial Airport, Melbourne, Florida; Daytona Beach Airport, Daytona Beach, Florida; Tallahassee Airport, Tallahassee, Florida; Opa Locka Airport, Opa Locka, Florida; Miami International Airport, 2080 Weatherford Boulevard, Miami, Florida and Okeechobee Road, Hialeah, Florida.

active to their dates of issuance and are incontestable. 15 U.S.C. § 1065.

## INFRINGEMENT

■ 3. Trademark infringement under 15 U.S.C. § 1114(1) is based solely on the likelihood for consumer confusion arising out of the infringer's use of a conflicting mark. American Foods, Inc. v. Golden Flake, Inc., 312 F.2d 619 (5th Cir. 1963).

■ 4. In determining likelihood for confusion, the Court must consider: the degree of similarity between the marks in question; the distinctiveness of the marks involved; type of business in which the marks are used; extent of advertising and notoriety of the mark; type of consumers involved; and dates of adoption of the marks in controversy. Continental Motors Corp. v. Continental Aviation Corp., 357 F.2d 857 (5th Cir. 1967); Callman, The Law of Unfair Competition, Trademark and Monopolies, § 980-80-4 (3d ed.).

■ 5. An examination of the evidence adduced at the trial of this cause, in the light of the criteria discussed above, requires a finding that plaintiff's mark "JERRY'S RESTAURANT" has been infringed. The evidence clearly establishes that the use by defendant and its subsidiaries of "JERRY'S RESTAURANT" and "JERRY'S CATERERS" for restaurant services open to the general public has caused confusion as to the source of defendant's services vis-a-vis the plaintiff's registered mark. This does not apply to Dade County, Florida. Defendant's rights in Dade County are discussed in paragraphs 13, 14 and 15, *infra*. In this context, the term restaurant or restaurant services means any food dispensing operation open to the public at large.

This finding of infringement is based on the totality of the evidence applicable to the issue of confusion. Frostie Company v. Dr. Pepper Co., 341 F.2d 363 (5th Cir. 1965). Some of the factors which the Court considered in making this determination are: the defendant's use of the name "JERRY'S RESTAURANT" and "JERRY'S CATERERS," with "JERRY'S" being the lead name; the fact that the name "JERRY'S" was prominently displayed at the airport entrances and in the airport lobbies; the color scheme used by defendant; the type of lettering and the logo; defendant's use of the infringing names on billboards and in media advertising; and the relative strength of plaintiff's mark because of advertising expenditures.

■ In making this finding, the Court has also taken into consideration the fact that defendant is essentially an airport food dispensing operator located almost solely at various Florida airports. The names of these airport restaurants are not essential to the successful operation of defendant's business because most of its patrons are so called "captive customers." No great financial burden would be imposed on defendant in requiring it to change the names of these restaurants to something other than "JERRY'S." Balancing these equitable considerations, the Court concludes that injunctive relief is proper. However, this finding applies only to defendant's use of the mark "JERRY'S" in connection with restaurant service.

■ 6. Although plaintiff has carried its burden of proving infringement, the Court finds that defendant has not acted in bad faith. Nor, has defendant consciously copied the color schemes, lettering or logo of plaintiff. On the contrary, the parties began their operation independently and without knowledge of the similarity of their motifs.

7. There has been no evidence presented to show that defendant attempted to trade off the good will of plaintiff. Similarly, there has been no showing of palming off or misrepresentation to support plaintiff's claim of unfair competition. B. H. Bunn Company, Inc. v. AAA Replacement Parts Co., 451 F.2d 1254 (5th Cir. 1971).

■ 8. Defendant has extensively used in Florida the marks "JERRY'S

CATERERS" and "JERRY'S AIRLINE CATERERS" in connection with its airline and general aviation catering businesses, its vending machine operations, its general institutional catering and in its concession operations at golf and tennis tournaments. There is no evidence of actual confusion, or a substantial likelihood thereof, emanating from the defendant's use of its marks for these business activities. Without a showing of a "likelihood for confusion" there can be no infringement. Continental Motors Corp. v. Continental Aviation Corp., 357 F.2d 857 (5th Cir. 1967). The fact that there is no likelihood for confusion is readily discernible because of a total absence of competition. Here, the parties are engaged in different lines of commerce. This, almost in and of itself, supports the Court's conclusion that no real likelihood for confusion exists by the parties use of similar marks in this instance. World Carpets, Inc. v. Dick Littrell's New World Carpets, 438 F.2d 482 (5 Cir. 1971); Sears, Roebuck & Co. v. All States Life Ins. Co., 246 F.2d 161 (5th Cir. 1957).

■ 9. There is no evidence that plaintiff's corporate name "JERRY'S, INC.," or the names of its subsidiaries, infringes plaintiff's marks so long as the names are used for corporate business purposes only and not as a mark for restaurant services.

10. Plaintiff has stipulated and the Court finds that defendant has not used the name or mark "JERRY'S DRIVE-IN." Therefore, plaintiff's rights under its federal registration have not been infringed.

### DEFENSES UNDER 15 U.S.C. § 1115(b)

11. Defendant voluntarily withdrew its anti-trust claim. Therefore, its defense under 15 U.S.C. 1115(b)(7) is not before the Court.

■ 12. Defendant raised a defense under 15 U.S.C. 1115(b)(4) that the restaurant services provided under the name "JERRY'S," was not used as a

trade or service mark but as "the party's individual name in his own business." 15 U.S.C. 1115(b)(4). Proof of this defense was insufficient. The name of defendant's predecessor was Gerard Pendergast. Clearly the name "JERRY'S" or "JERRY'S CATERERS" has been used for a number of years as a trade or service name and not merely to indicate the business of Gerard Pendergast, Sr.

### PRIOR USE—15 U.S.C. § 1115(b)(5)

■ 13. A valid defense to a claim of infringement can be asserted by a user who innocently adopted the otherwise infringing mark prior to the federal registration. However, "this defense or defect shall apply only for the area in which such continuous prior use is proved." 15 U.S.C. § 1115(b)(5); John R. Thompson Co. v. Holloway, 366 F.2d 108 (5th Cir. 1966); American Foods v. Golden Flake, 312 F.2d 619 (5th Cir. 1966).

■ 14. The parties have stipulated and the Court finds that as between the parties defendant has acquired the common-law right to exclusively use the mark "JERRY'S," either alone or with other words, in Dade County, Florida. This right arises out of defendant's continuous use of the mark prior to plaintiff's federal registrations. Further, the right extends to all of defendant's business activities, including restaurant services open to general public.

■ 15. Defendant maintains that its prior use of "JERRY'S" in Dade County appropriated the entire state of Florida. This is in error. Defendant's prior use of the mark creates exclusive rights only in the areas of actual prior use. In this case, the right extends only to Dade County. Burger King v. Hoots, 403 F.2d 904 (7 Cir. 1968); Sheila's Shine Products, Inc. v. Sheila Shine, 486 F.2d 114 (5th Cir. 1973); Safeway, Stores Inc. v. Safeway, 433 F.2d 99 (7th Cir. 1972).

■ 16. In connection with defendant's airline catering business, the Court

finds that defendant was a pioneer in the industry in Florida. The use by the defendant of its tradename "JERRY'S CATERERS" in connection with airline catering is also a right the defendant has acquired under the common law. This right may be maintained and exercised in the future and extends to the entire State of Florida. John R. Thompson Co. v. Holloway, 366 F.2d 108 (5th Cir. 1966); Turner v. HMH Pub., 380 F.2d 224 (5th Cir. 1967).

17. Plaintiff, Jerrico, Inc. presently does not, nor has it ever, engaged in the airline catering business. Plaintiff's marks are used in a completely different line of commerce and are not affected by defendant's airline catering activity.

Thereupon, it is

Ordered and adjudged as follows:

1. Defendant and its subsidiary corporations and the officers, agents, servants and employees thereof are permanently enjoined from displaying the marks "JERRY'S," "JERRY'S CATERERS," "JERRY'S RESTAURANT" and any other mark comprising the word "JERRY'S" on signs, paper goods, or other advertising referring to defendant's restaurants that are open to the public in any area where plaintiff is conducting business and using its mark "JERRY'S RESTAURANT," except Dade County.

2. In Leon County and Lee County, defendant shall cease and desist from using the marks referred to in the preceding paragraph within thirty (30) days following the entry of final judgment, provided no appeal has been taken and the time for taking an appeal has expired.

3. Defendant and its subsidiaries, and officers, agents, servants and employees thereof, have the right to continue all use of the marks "JERRY'S," "JERRY'S CATERERS," and "JERRY'S RESTAURANT" and any other mark comprising the word "JERRY'S" on signs, paper goods or other advertising referring to defendant's restaurants open to the public in those areas where plaintiff is not presently operating a restaurant under the mark "JERRY'S RESTAURANT." However, if plaintiff should commence operation of a restaurant under the mark "JERRY'S RESTAURANT" in any area where defendant is operating one of its restaurants under the mark or marks identified herein, defendant shall cease and desist from further use of such mark or marks referring to defendant's restaurants within sixty (60) days following the date of opening of plaintiff's restaurant, or sixty (60) days from receipt of written notice from plaintiff, whichever occurs last. This does not apply to Dade County, Florida.

4. Defendant has not used the name or mark "JERRY'S DRIVE-IN" and has not infringed plaintiff's rights under its federal registration No. 660,436, "JERRY'S DRIVE-IN."

5. Defendant has the exclusive right as against the plaintiff to use the name and mark "JERRY'S CATERERS" throughout Florida, including those geographical areas where plaintiff is operating its restaurants, in connection with defendant's airline catering business, food vending machine business, institutional catering business, and catering of golf and tennis tournaments.

6. Defendant has not competed unfairly with plaintiff, and plaintiff's claim for unfair competition is dismissed.

7. Defendant has the exclusive right as between the parties to use the names and marks "JERRY'S" "JERRY'S CATERERS" and "JERRY'S RESTAURANT" for restaurant services in Dade County, Florida.

8. Defendant's use of its corporate name, "JERRY'S, INC.," and the names of its subsidiary corporations in the operation of defendant's corporate activities have not infringed plaintiff's rights and defendant has the right to continue such use so long as the name is not used as a trade or service name in conflict with these findings.

9. Each party shall bear its own costs, except that defendant is awarded attorneys' fees in the amount of Five Hundred ($500.00) Dollars for failure of the witnesses, Mr. and Mrs. Glass, to attend the depositions that were noticed prior to trial, together with such costs as were reasonably expended by defendant in traveling to Fort Myers, Florida for the depositions.