**TRAIL CHEVROLET, INC., Luis S. Blanco and Eduardo Escribano,**
**Appellants,**

v.

**GENERAL MOTORS CORPORATION,**
**Appellee.**

**No. 23885.**

United States Court of Appeals
Fifth Circuit.

July 27, 1967.

John D. McKee, Jr., Terry & McKee, Miami, Fla., for appellants.

Herbert L. Nadeau, Shutts & Bowen, Miami, Fla., for appellee.

Before BROWN, Chief Judge, SIMPSON, Circuit Judge, and SUTTLE, District Judge.

PER CURIAM:

Appealed from is a decree for permanent injunction below granted upon motion for summary judgment against appellants (herein "Trail Chevrolet") upon the motion of appellee (herein "GM"). Count One of the complaint was for trade-mark infringement (Title 15, U.S.C. Sec. 1051–1127) brought under the provisions of Title 28, U.S.C. Sec. 1338(a). The second count asserted a substantial and related claim of unfair competition under the dependent jurisdiction of Section 1338(b), Title 28, U.S. Code. The second count also asserted diversity jurisdiction and amount in controversy under Title 28, U.S.C. Sec. 1332, alleging facts which would support a common law theory of unfair competition independently of the Lanham Act jurisdiction.

The district court had previously denied the motion to dismiss, and no answer was on file at the time of the entry of a summary final decree. There was no dispute as to the facts, which were developed mainly upon the discovery depositions of Blanco and Escribano, the individual defendants who were the officers, majority stockholders and dominant figures of the corporate defendant.

The name and distinctive registered mark "Chevrolet" had been registered and used for many years by the Chevrolet Motor Division of GM and its predecessors. There was ample evidence before the trial judge to support his finding that Trail Chevrolet's use of the name "Chevrolet" as used in its advertising and in its display signs was likely to cause confusion and to mislead and deceive the public into accepting and purchasing used automobiles from Trail Chevrolet in the belief that it (the public) was dealing with one of GM's authorized dealers and that the defendants' business was sponsored or connected with, endorsed or supervised by GM. While Trail Chevrolet's business activities as far as the record showed were local in character, they exercised a substantial economic effect on interstate commerce under the holding of this Court in Pure Foods, Inc. v. Minute Maid Corp., 5 Cir. 1954, 214 F.2d 792, (cf. American Auto Ass'n. v. Spiegel, 2 Cir. 1953, 205 F.2d 771) and were within the regulatory ambit of the Lanham Act.

The entry of the permanent injunction is not shown by the appellants to have been erroneous, and we affirm the trial court. However, Paragraph 4(b) of the decree enjoined and restrained the defendants from "using the word 'Chevrolet', in signs, advertisements of any nature or description, other than to identify a specific Chevrolet automobile of the plaintiff's manufacture, of which the defendants may from time to time have for sale." This language we find to be unduly and unnecessarily restrictive. The appellants should be free to advertise that they sell used Chevrolets, that they repair Chevrolet cars, that they have a number of Chevrolets to choose from, or that they sell used Chevrolets and other fine cars or the like. They are entitled to offer Chevrolet cars for sale by the name so long as the registered mark or tradename of Chevrolet is not used in a manner to deceive purchasers. Upon remand the district court is directed to modify Paragraph 4(b) of the summary final decree in conformity with this holding.

The decree appealed from is ordered modified and as so modified, affirmed.