VOLKSWAGENWERK AKTIENGE-
SELLSCHAFT, Plaintiff,

v.

Larry W. TATUM, Individually and d/b/a
Volkswagen Service Center and d/b/a
Arco, Defendant.

Civ. No. 72–369.

United States District Court,
S. D. Florida.

June 14, 1972.

William J. Dunaj, of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for plaintiff.

Larry W. Tatum, pro se.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

FULTON, Chief Judge.

This cause came before the Court upon plaintiff's motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Plaintiff seeks to permanently enjoin the defendant from alleged trademark infringement and unfair competition. This Court's jurisdiction is invoked under the Trademark Act of 1946, 15 U.S.C. § 1121, and under 28 U.S.C. § 1338, patents, copyrights, trademarks and unfair competition.

Pursuant to Local Rule 10(J), plaintiff has filed a memorandum of law in support of its motion for summary judgment, exhibits, affidavits, certified copies of the plaintiff's trademark registrations, a statement of the material facts as to which there is no genuine issue to be tried and a deposition of the defendant. Rule 56, Fed.R.Civ.P., provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The defendant filed an answer *pro se* of general denial but has failed to file papers opposing the motion for summary judgment. The following facts are not in dispute and are established by the defendant's deposition filed in this cause. The defendant, Larry W. Tatum, operated a garage business at 1180 N.W. 119 Street, Miami, Florida, from 1969 to November, 1970, as a sole proprietorship named "Volkswagen Service Center." At the direction of the defendant, a sign including the name "Volkswagen Service Center" was painted upon the building in blue on a white background. The defendant did not request nor did he receive authorization from the plaintiff, Volkswagenwerk AG (VW AG), to use the trademark and service mark "Volkswagen" in his trade or business name. While at the N.W. 119 Street location, the defendant received several letters from attorneys for VW AG advising him that his signs and business name were infringements of VW AG's trademarks and service marks, and he received a copy of a brochure setting forth permissible informative phrases that could be used without violating the plaintiff's trademarks and service marks. Nevertheless, the defendant took no action to change the signs.

In November, 1970, the defendant moved his business to his current address at 13250 N.W. Seventh Avenue, North Miami, Florida. The new location is a service station selling Mobil (formerly ARCO, Atlantic-Richfield Oil Company) gasoline and petroleum products and also selling automotive parts and accessories and servicing automobiles. At the direction of the defendant, signs were painted on the premises reading "Volkswagen" in blue lettering on a white background over the garage door and on the front of an overhanging roof connected to the station. Other signs include "We Repair Volkswagen Vehicles" in blue lettering on a white background in which the word "Volkswagen" appears in large block-style lettering with the remaining words in smaller script-style lettering. Additionally, the defendant used a truck which

had a "topper" sign affixed to it reading "Volkswagen Service Center." This truck has, however, been sold.

The defendant lists his business in the Miami classified telephone directory under the name "Volkswagen Service Center." Although the defendant does business under two names, "Volkswagen Service Center" and "Larry's ARCO," the latter name is not painted on his business premises and does not appear in the telephone directory. The defendant's business cards are white with the words "Volkswagen Service Center" printed in blue lettering. A checking account is maintained in the name of "Volkswagen Service Center" with checks bearing that name. In answering the telephone, the defendant uses the greeting "Volkswagen" or "Volkswagen Service Center."

On approximately eight to ten occasions the defendant has received telephone inquiries concerning the purchase of Volkswagen liability and collision insurance, known by the defendant to be sold only by authorized Volkswagen dealers. Additionally, the defendant states that people have driven onto his business premises to ask for warranty service on their Volkswagen automobiles.

In addition to the foregoing facts established by the defendant's deposition, the plaintiff has filed an affidavit of a director of Volkswagen Insurance Company (VICO) stating that VICO insurance is sold only by authorized Volkswagen dealers who are licensed insurance brokers or by VICO itself. A further affidavit sets forth the franchise process for retail VW AG dealers and the efforts of VW AG to maintain high quality standards as to its franchise holders. Further, the affidavit recites the extensive use, advertising and value of plaintiff's trademarks and service marks. Certified copies of said marks registered in the United States Patent Office have been filed, including the word "Volkswagen," the word "Volkswagen" in the footed style lettering of memphis bold, the letters "VW" and the encircled "VW" emblem. These trademarks and service

marks have also been registered by the plaintiff in the color blue.

■ Summary judgment is proper in a trademark infringement action where there is no genuine issue as to any material fact. James Burrough Limited v. Beef/Eater Restaurants, Inc., 272 F. Supp. 489 (N.D.Ga.1967), aff'd, 398 F.2d 637 (5th Cir. 1968); Alladin Plastics, Inc. v. Jerrold Stephan Co., 362 F.2d 532 (9th Cir. 1966). Uncontradicted affidavits and the deposition of the defendant have established the display of defendant's signs as well as his business practices and representations. The only possible remaining issue of fact is whether the defendant's signs, business practices and representations are "confusingly similar" to the registered trademarks and service marks of the plaintiff.

■ It is not necessary for a plaintiff to prove that the public has been actually deceived or confused by the defendant's displays and representations. Beef/Eater Restaurants, Inc. v. James Burrough Ltd., 398 F.2d 637, 639 (5th Cir. 1968). The "ocular test" of trademark infringement, recognized by the Fifth Circuit, Frostie Co. v. Dr. Pepper Co., 341 F.2d 363 (5th Cir. 1965), is:

> a common-sense test in each case in which the court sits in the dual capacity of a prospective purchaser in comparing the two and as judge of the extent of similarity. Here, the factual test is not that of a careful and discriminatory purchaser, but that of an 'ordinary and casual buyer' . . . or a 'usual purchaser.' . . . or perhaps even an 'ignorant, inexperienced, and gullible' purchaser . . . Certainly, in determining likelihood of confusion, the court may not assume that an ordinary purchaser is thoroughly familiar with the products of both parties. Drexel Enterprises, Inc. v. Hermitage Cabinet Shop, Inc., 266 F.Supp. 532, 538 (N.D.Ga.1967).

■ Using the standard of the "ocular test," the materials on file in this cause clearly show that the name and business practices adopted by the defendant are confusingly similar to the plaintiff's trademarks so as to cause confusion among even reasonably careful customers. Further, it is apparent from the defendant's deposition testimony that actual confusion has resulted in that individuals have sought to purchase VICO insurance from the defendant and have requested Volkswagen warranty work for their automobiles. Having considered the deposition, memorandum, affidavits, exhibits and other materials on file, it affirmatively appears that there is no material issue left for trial. Only a question of law is presented as to whether the defendant has infringed plaintiff's trademarks and service marks and has engaged in unfair competition.

■ The owner of a trademark has the exclusive right to use a trademark as a symbol to attract the public. Baglin v. Cusenier Co., 221 U.S. 580, 600, 31 S. Ct. 669, 55 L.Ed. 863 (1911). The Trademark Act of 1946 provides that the registration of a trademark constitutes prima facie evidence, and in some instances conclusive evidence, of the "registrant's exclusive right to use the registered mark in commerce on the goods or services specified in the registration . . ." 15 U.S.C. § 1115. The Act further provides that injunctive relief is proper to prevent violations of the rights of a registrant in a registered mark. 15 U.S.C. §§ 1114, 1116. The law is established that falsely suggesting the existence of affiliation with a well-known business by usurping the latter's good will constitutes both trademark infringement and unfair competition. Trail Chevrolet, Inc. v. General Motors Corp., 381 F.2d 353 (5th Cir. 1967); Heaton Distributing Co. v. Union Tank Car Co., 387 F.2d 477, 484 (8th Cir. 1967); Volkswagenwerk GmbH v. Frank, 198 F.Supp. 916, 919 (D.Colo.1961). Trademark infringement occurs when a business uses or imitates the registered name or mark in its own trade name. *Trail Chevrolet, supra*, 381 F.2d at 354; Volkswagenwerk Aktiengesellschaft v. Church, 411 F.2d 350 (9th Cir. 1969).

The uncontradicted evidence in this cause clearly establishes that the plaintiff is entitled to summary judgment against the defendant. Defendant has infringed the plaintiff's trademarks and service marks through lavish and unauthorized displays of said marks on his business premises and through use in his business name and practices. Such use has created a misleading impression that the defendant was an authorized Volkswagen representative and constitutes unfair competition. The plaintiff is entitled to summary judgment as a matter of law.