**VOLKSWAGENWERK, AG, Plaintiff,**

v.

**Carl SMITH, Individually and as Proprietor of Independent Volkswagen Service, a/k/a Beetle Clinic, Defendant.**

**No. 78–550 Civil.**

United States District Court, D. New Mexico.

June 1, 1979.

W. Robert Lasater, Jr., Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., for plaintiff.

Joe A. Duran, Albuquerque, N. M., for defendant.

## COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

PAYNE, District Judge.

The following shall constitute the Findings of Fact and Conclusions of Law of the Court:

### FINDINGS OF FACT

1. Plaintiff, Volkswagenwerk AG ("VWAG"), a corporation organized under the laws of the Federal Republic of Germany, manufactures automobiles which are sold in the United States through a network of authorized distributors (wholesalers) and

retail dealers. These franchised Volkswagen dealers sell both products and services advertised and identified by plaintiff's trademarks and service marks.

2. VWAG owns, uses and has registered with the United States Patent Office as its trademarks and service marks the word "Volkswagen," the letters "VW," the word "Bug," and the word "Beetle." In addition, plaintiff owns, uses and has registered as its trademark the word "Volkswagen" and the letters "VW" in a distinctive style of lettering known as "Memphis Bold." Since VWAG has adopted and used the color blue and the color combination blue and white as a form of secondary identification, it has also registered with the United States Patent Office as its trademarks the word "Volkswagen" and the letters "VW" in the color blue.

3. Since importation of Volkswagen automobiles into the United States, members of the American public, both in writing and in speech, have referred to this Volkswagen sedan as the "Bug" and "Beetle." The words "Bug" and "Beetle" have been used by the public synonymously with the word "Volkswagen" with reference to automobiles, automobile parts and accessories, and servicing of automobiles. This use of "Bug" and "Beetle" is distinctive with respect to the trade involved.

4. The long standing and distinctive shape of this Volkswagen sedan has caused the American public to identify the shape and the outline and picture of the shape of this automobile ("the Volkswagen Silhouette") with VWAG and with the products and services sold by the authorized Volkswagen network. For many years the Volkswagen Silhouette has been synonymous in meaning with "Volkswagen."

5. Independent retailers in the United States, including two in Albuquerque, New Mexico, are authorized to sell goods and services under VWAG's marks. These businesses are required by contract to employ VWAG's marks, including "Volkswagen" and "VW," to identify their goods and services. Many of these authorized dealers have been licensed to incorporate the word "Volkswagen" or the abbreviated version "VW" into their trade names. Authorized Volkswagen dealers display "Volkswagen" and "VW" on their signs, their stationery and in their advertising.

6. Licensed Volkswagen dealers derive their sole authority to use VWAG's trademarks from dealer agreements either with Volkswagen of America, Inc. ("VWoA") or with wholesale distributors who are licensed through distributor agreements with VWoA. VWoA is a wholly owned subsidiary of VWAG and the authorized United States importer of Volkswagen products. VWoA derives its authority directly from VWAG.

7. VWAG has exercised strict quality control over the members of the businesses authorized to sell and service VW vehicles.

8. For nearly two decades, VW advertising has been carried in nationally distributed magazines and on national television networks. In 1978 alone, over $33,000,000.00 was so expended. Local VW dealers also advertise in classified pages of newspapers, by radio and television and by outdoor advertising. For example, nearly $200,000.00 was spent in Albuquerque, New Mexico, and University Volkswagen, an Albuquerque dealership, expended an approximate $160,000.00 to advertise its own business.

9. In consequence of these efforts and this advertising, VWAG and the Volkswagen authorized network in the United States gained a reputation for quality of products and services. Goodwill was created and has been sustained for VWAG, for the members of the network of authorized Volkswagen dealers and for the products and services sold by them under VWAG's marks.

10. Defendant Carl Smith is an individual who resides in Albuquerque, New Mexico. Defendant began doing business in Albuquerque, New Mexico, in 1975 under the trade name "Bug and Beetle Clinic, Inc.," and engaged in the business of selling parts and accessories and providing services for Volkswagen automobiles. Defendant used

trademarks and service marks of plaintiff in its advertising, employing phrases such as "VW Repair," "Volks Specialists" and "Volkswagen Specialists." Following objections by plaintiff to these unauthorized uses of its marks, and most specifically the adoption of a mark of plaintiff as part of defendant's trade name, defendant changed his trade name to "Independent VW Service."

11. Defendant is in no way connected either with VWAG, VWoA or any of the licensed Volkswagen distributors or dealers in the United States. He has no authority from VWAG to use any of its marks.

12. Nearly one-hundred percent of defendant's business consists of selling service for Volkswagen automobiles. Defendant does not advertise that he services any other automobile.

13. Since the inception of his business, defendant has used the Volkswagen trademarks and service marks to identify his automobile service business. He has employed the trade names "Bug and Beetle Clinic" and/or "Independent VW Service" on signs, on business cards, in classified yellow pages advertisements and in promotional material. He has employed the phrases from time to time "VW Repair," "VW Service," "Volks Specialists" and "Volkswagen Specialists," the Volkswagen Silhouette and the word "Volkswagen" in a dominating manner, on signs on his premises, in classified yellow pages advertising, on business cards or on promotional materials. He has also used the color blue in conjunction with the Volkswagen marks in order to attract members of the public.

14. The terms "Volkswagen Service," "VW Service," "Volkswagen Repair," "VW Repair," "Volkswagen Specialists" and "VW Specialists," have come to mean, and to identify to the public, service or repair facilities operating pursuant to authority emanating from VWAG.

15. Each of defendant's said uses of plaintiff's marks, as well as the combination of such uses, is likely to confuse members of the ordinary public who are customers and potential customers of both defendant and authorized Volkswagen dealers in Albuquerque, New Mexico, into believing that defendant's business is authorized by or somehow connected with VWAG and is operated with the sponsorship, approval or consent of VWAG.

16. Defendant has not adequately distinguished his business from the business of VWAG and the authorized Volkswagen organization.

17. Each of defendant's uses of VWAG's various trademarks and service marks to identify its business, services and products is an appropriation of the property of VWAG (i. e., the goodwill inherent in VWAG's marks).

18. By reason of defendant's actions, VWAG has been irreparably damaged, and, unless defendant is restrained therefrom, VWAG will continue to be so damaged.

19. VWAG has no adequate remedy at law.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this case. 15 USC §§ 1114, 1116, 1121, 1126; 28 USC § 1338(b); 28 USC § 1332.

■ 2. Although defendant may advertise to the public that he services or repairs Volkswagen vehicles, he may not do so in a manner which is likely to suggest to his prospective customers that he is authorized by plaintiff or that he is part of the authorized Volkswagen organization. *Volkswagenwerk Aktiengesellschaft v. Church,* 411 F.2d 350, 352 (9th Cir. 1969).

■ 3. A retail outlet or repair shop engages in trademark infringement or unfair competition, or both, if it uses or imitates the manufacturer's name or mark in its trade name. *Volkswagenwerk Aktiengesellschaft v. Tatum,* 344 F.Supp. 235 (1972); *Trail Chevrolet, Inc. v. General Motors Corp.,* 381 F.2d 353 (5th Cir. 1967).

■ 4. Defendant's use of the word "Volkswagen," the letters "VW", the word "Bug" and the word "Beetle" as part of a corporate trade name infringes upon plain-

tiff's trademark and service mark rights and constitutes unfair competition.

5. Defendant's use of the trade name "Independent VW Service" infringes upon plaintiff's trademark and service mark "VW" and constitutes unfair competition.

6. Defendant's use of the phrase "VW Repair," "VW Service," "Volks Specialists" and "Volkswagen Specialists" infringes both plaintiff's service mark and trademarks and constitutes unfair competition.

7. Defendant's use of reproduction of the Volkswagen Silhouette in advertising his business infringes plaintiff's commonlaw trademark and service mark in the Volkswagen Silhouette and constitutes unfair competition.

8. Defendant's use of the word "Volkswagen" in a dominating manner infringes upon plaintiff's trademark and service mark and constitutes unfair competition.

9. Defendant's use of plaintiff's various marks in the color blue and in a blue and white color combination infringes plaintiff's marks and constitutes unfair competition.

10. Defendant and his respective agents, servants, employees, successors and assigns, and all persons acting in concert with him, or any of them, and each of them, are enjoined and restrained from continuing or resuming any of the following acts in connection with their business:

(i) Using "Independent VW Service" as his trade name, or otherwise the word "Volkswagen," the letters "VW," the word "Bug," and the word "Beetle" or any other mark belonging to plaintiff, or any reproduction or colorable imitation of any of them as part of any corporate or trade name.

(ii) Using the phrases "VW Repair," "VW Service," "Volkswagen Repair," "Volkswagen Service," "Volkswagen Specialists," "Volks Specialists," "Bug Repair," "Bug Service," "Beetle Repair," "Beetle

Service," "Bug Specialists" or "Beetle Specialists" to describe his business or services sold by him, except that defendant may use the word "Volkswagen," the letters "VW," the word "Bug" or the word "Beetle" as an adjective to refer to products originating with plaintiff, in order truthfully to advise prospective purchasers that defendant offers to service automobiles manufactured by plaintiff or offers for sale new or rebuilt parts and accessories therefor in factual phrases similar to "We Service Volkswagen Cars," "We Service Beetles," "We Repair Bugs," "Service for VWs," "specializing in VWs" and "Specializing in Volkswagen" or a similar type phrase, provided when such factual phrase is used the following conditions must be adhered to:

(a) The word "Volkswagen," the letters "VW," the word "Bug" or the word "Beetle" must not be set out alone, but must be set forth on the same line as and be preceded and followed by the other words in the factual phrase of which it forms a part and must appear in the same type, lettering, print, color, mounting, spacing, illumination, size, format, and material as those other words;

(b) "Memphis Bold" lettering must not be used;

(c) The color blue may not be used in connection with such phrase; and

(d) The use of plaintiff's marks must not be a dominant factor of defendant's advertising or signs on his premises.

(iii) Using any silhouette, picture, caricature, or reproduction of the shape or appearance of the Volkswagen sedan (hereinafter referred to as a "silhouette"), except that defendants may use a silhouette as an adjective synonymous with the word "Volkswagen" to refer to products originating with plaintiff, in order truthfully to advise prospective purchasers that defendant offers to service automobiles manufactured by plaintiff or offer for sale new or rebuilt parts and accessories therefor in factual phrases similar to "We Service (silhouette) Cars," "Parts for

(silhouette) Autos," or "rebuilt parts for (silhouette) cars" in any such use of a silhouette the following conditions must be adhered to:

(a) The silhouette must not be set out alone, but must be set forth on the same line as and be preceded and followed by words in the factual phrase of which it forms a part and must appear in the same color, mounting, spacing, illumination, size, format, and material as those words;

(b) "Memphis Bold" lettering must not be used for the words which precede and follow the silhouette in such a phrase;

(c) The color blue may not be used in connection with such phrase; and

(d) The use of the silhouette must not be a dominant factor of defendant's advertising or signs on their premises;

(iv) Making in any manner whatsoever any statement or representation or performing any act likely to lead the public or individual members of the public to believe that defendant is in any manner, directly or indirectly, associated or connected with, or licensed, authorized, franchised, sponsored, or approved by plaintiff or that their business forms part of the authorized Volkswagen organization; and

(v) Committing any other act which infringes any of plaintiff's trademarks or service marks or amounts to an act of unfair competition.

Any requested Findings of Fact and Conclusions of Law not included herein are hereby denied.