**BLUE CROSS AND BLUE SHIELD ASSOCIATION, Plaintiff,**

v.

**BLUE CROSS MUTUAL CLINIC, INC., Defendant.**

**No. 84–0934–Civ.**

United States District Court,
S.D. Florida,
Northern Division.

Feb. 28, 1985.

Thomas H. Boyd, Blackwell, Walker Gray, Powers, Flick & Hoehl, Miami, Fla., and Joan Dillon, Owen, Wickersham & Erickson, San Francisco, Cal., for plaintiff.

H. Lee Bauman, Miami, Fla., for defendant.

## AMENDED FINAL JUDGMENT

GONZALEZ, District Judge.

Pursuant to the Court's Order dated January 3, 1985, granting plaintiff BLUE CROSS AND BLUE SHIELD ASSOCIATION's motion for summary judgment and directing that judgment be entered herein in the plaintiff's favor, it is hereby

ORDERED AND ADJUDGED as follows:

1. That this Court has jurisdiction over the plaintiff, BLUE CROSS AND BLUE SHIELD ASSOCIATION, and the defendant, BLUE CROSS MUTUAL CLINIC, INC., and over the subject matter of the complaint on file herein and that venue is proper.

2. That defendant, its officers, agents, servants, affiliates, employees, attorneys and representatives, and all those in privity or acting in concert with the defendants, and each and all of them, be and are hereby permanently restrained and enjoined from:

   (a) infringing plaintiff's service marks by continuing to promote and provide service under marks confusingly similar to plaintiff's;

   (b) diluting plaintiff's service marks by causing injury to plaintiff's distinctive service marks and the valuable reputation they represent; and

   (c) unfairly competing by misappropriating and unfairly trading upon plaintiff's service marks and reputation.

3. That all Counts, 28 through 30, of defendant's affirmative defenses are hereby dismissed with prejudice.

4. That defendant bear plaintiff's cost of suit herein.

5. That the Court shall retain jurisdiction of this matter for the purpose of taking such other action and providing such other and further relief as may be necessary or appropriate to carry out and enforce this Order from time to time.

6. That this Order should be effective immediately.

7. That the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

8. Plaintiff BLUE CROSS AND BLUE SHIELD ASSOCIATION [THE ASSOCIATION] is a not-for-profit corporation organized and existing under the laws of the State of Illinois, havings its principal place of business at 676 North St. Clair Street, Chicago, Illinois.

9. Plaintiff BLUE CROSS AND BLUE SHIELD ASSOCIATION is an affiliation of local BLUE CROSS AND BLUE SHIELD plans, which are engaged in the provision of prepaid financing and administration of medical, hospital and related health care services, and in the provision of health care services.

10. Defendant BLUE CROSS CLINIC, INC. is a corporation and existing under the laws of the State of Florida, havings its principal place of business at 5840 West Flagler Street, Miami, Dade County, Florida, and having no affiliation with the Association.

11. Plaintiff's services and those of its member plans are identified by and rendered under the word mark BLUE CROSS and a BLUE CROSS design service mark, which has been extensively used, advertised and promoted throughout the United States, including the State of Florida.

12. THE ASSOCIATION is the owner of the following relevant incontestable service mark and trademark registrations:

   (a) BLUE CROSS mark, registration No. 554,488, issued January 5, 1952;

   (b) BLUE CROSS mark, registration No. 554,492, issued February 5, 1952,

   (c) Blue Cross design, registration No. 554,817, issued January 12, 1952;

   (d) BLUE CROSS design, registration No. 969,385, issued September 25, 1973;

   (e) BLUE CROSS design, registration No. 990,414, issued August 6, 1974; and

   (f) BLUE CROSS design, registration No. 1,055,560, issued January 4, 1977.

13. Each of these service or trademarks is used in association with the promotion of

THE ASSOCIATION'S health care services.

14. Each of these service or trademarks appearing either independently or in use in association with one another in THE ASSOCIATION'S national advertising and literature are always noticed by the placement of the ® therein.

15. As a result of long use and extensive sales, advertising and promotion, THE ASSOCIATION'S BLUE CROSS word mark and its BLUE CROSS design mark as used together or independently have become exceptionally well and favorably known throughout the United States as representing THE ASSOCIATION and its health care services and were so well known before any use of BLUE CROSS or the BLUE CROSS design mark by defendant.

■ 16. THE ASSOCIATION'S BLUE CROSS and BLUE CROSS design service marks are now famous and have achieved secondary meaning and symbolize THE ASSOCIATION, its plans and the health care services offered by its plans.

17. Because of its extensive advertising and sales of services under its marks, the good will built up, owned and associated with THE ASSOCIATION'S service marks is one of the plaintiff's most valuable assets.

18. Defendant, with constructive and actual knowledge of THE ASSOCIATION'S ownership of the words "BLUE CROSS" and the BLUE CROSS design and its identification thereof with THE ASSOCIATION'S health care services and prepayment financing thereof, and subsequent to THE ASSOCIATION'S use, intentionally used the term "BLUE CROSS" and a blue stylized cross composed of the letters BCMC, to mislead and deceive the public into thinking that defendant's health care clinic services are sponsored by, endorsed by, related to or approved by THE ASSOCIATION or its member plan.

19. Defendant's health care clinic services are the same as, or substantially related to, the health care services and information services and the prepaid financing thereof offered by THE ASSOCIATION under its service marks.

■ 20. The use of a cross design in blue by defendant in association with health care clinic services is likely to mislead and deceive the public into believing that defendant's health care clinic is sponsored, endorsed, related to or approved by THE ASSOCIATION or its plans due to the similarity of the services offered by THE ASSOCIATION and its plans and the defendant under a cross design in blue.

21. The use of the BLUE CROSS word mark by defendant in association with health care clinic services is likely to mislead and deceive the public into believing that defendant's health care clinic is sponsored, endorsed, related to or approved by THE ASSOCIATION or its plans due to the similarity of the services offered by THE ASSOCIATION and its plans and the defendant under a BLUE CROSS word mark.

22. Upon learning of defendant's infringing use of the BLUE CROSS word and stylized BLUE CROSS marks, plaintiff made every effort to resolve this dispute without resort to the Court. THE ASSOCIATION has been diligent and timely in the assertion of its service mark rights.

23. Defendant used and continues to use the infringing BLUE CROSS word and BLUE CROSS marks in association with its health care clinic services.

■ 24. Defendant has caused, and unless restrained by this Court, will continue to cause serious irreparable injury and damages to THE ASSOCIATION and its plans and to the good will associated with THE ASSOCIATION'S marks and has caused and will continue to cause grave injury to the public as well, because of the nature of the services provided by the defendant under THE ASSOCIATION'S marks unless defendant's use of THE ASSOCIATION'S marks is enjoined by this Court.

■ 25. Defendant's conduct constitutes service mark infringement, unfair

competition, false designation of origin, and service mark dilution of THE ASSOCIATION'S rights in its mark and such unfair competition, dilution, false designation of origin and infringement will continue causing irreparable damage to THE ASSOCIATION and to the good will it enjoys in its service marks unless enjoined by this Court.

■ 26. Plaintiff's remedy at law is inadequate to compensate for its injuries; therefore, defendant should be restrained and enjoined from engaging in such conduct.

## CONCLUSIONS OF LAW

27. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. Section 1338, and under Sections 495.131 and 495.161, Florida Statutes 1983.

28. Venue is proper in this District.

■ 29. THE ASSOCIATION'S incontestable federal registrations establish conclusively the validity of plaintiff's BLUE CROSS word service marks and BLUE CROSS design service marks and THE ASSOCIATION'S right to the exclusive use of these marks in commerce. 15 U.S.C. § 1115(b) and § 33(b) of the Lanham Act.

30. THE ASSOCIATION'S BLUE CROSS word mark and BLUE CROSS design marks are famous and strong marks, whether used in association with one another or independently, in the identification of prepaid financing and administration of medical, hospital and related health care services and in the provision of health care services.

■ 31. Summary judgment relief is proper in a trademark infringement action where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Volkswagenwerk Aktiengesellschaft v. Tatum,* 344 F.Supp. 235 (S.D.Fla.1972).

32. Plaintiff's and defendant's services are the same or substantially similar, and the similarity of the marks used by ASSOCIATION and the defendant in association therewith are so great as to show that public confusion, mistake and deception will be created by defendant's continued use of BLUE CROSS and a BLUE CROSS design mark and that such use constitutes trademark infringement, false designation of origin, and service mark dilution.

33. This Court has available to it at least two approved methods of determining whether a likelihood of confusion exists, namely, the "ocular test," *Frostie Co. v. Dr. Pepper Co.,* 341 F.2d 363 (5th Cir.1965) and the "Seven Part Test," *Playboy Enterprises v. P.K. Sorren Export Co. of Florida,* 218 U.S.P.Q. 795 (S.D.Fla.1982).

■ 34. Defendant's use of THE ASSOCIATION'S service marks, the BLUE CROSS word mark and the BLUE CROSS design, whether used together or presented separately, in association with defendant's health care services constitutes infringement, dilution and unfair competition under both the "ocular" test and the "Seven Part Test." The marks are the same or substantially similar, the services offered thereunder are the same, the purchasers are the same and the advertising media utilized is the same or similar. THE ASSOCIATION'S marks are famous as related to the provision of health care services.

35. Defendant's conduct is infringing in violation of the Lanham Act, 15 U.S.C. § 1114(1) and constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a) and if allowed to continue, will do irreparable harm to the strength and distinctiveness of THE ASSOCIATION'S marks and therefore should be enjoined.

36. Section 15 U.S.C. § 1117 of the Lanham Act provides that a successful plaintiff may recover (1) defendant's profits, (2) any damages sustained by plaintiff and (3) plaintiff's costs. The recovery is cumulative.

37. Because of the difficulty in obtaining an accounting from defendant and in ascertaining the extent of the monetary damages as well as the necessity for immediate injunctive relief, plaintiff requests only its costs incurred and injunctive relief.

38. THE ASSOCIATION is entitled to the granting of its motion for summary judgment, immediate injunctive relief and its costs incurred in bringing this action.

39. Defendant is hereby ordered to:

(a) destroy all literature, advertising and other material bearing the marks BLUE CROSS MUTUAL CLINIC and a BLUE CROSS design;

(b) request of the telephone company that its business listings be changed in the next printing of each and every directory where the name BLUE CROSS MUTUAL CLINIC has appeared, including both White and Yellow Pages;

(c) since plaintiff has waived any damages herein, defendant shall only pay plaintiff's costs incurred in the prosecution of this action; and

(d) file with this Court, and serve upon plaintiff within thirty (30) days of this Order, a report in writing under oath setting forth the manner and form in which defendant has complied with this Order.

40. All of for which let execution issue.